Vanderpool *v.* Smith.

---

## VANDERPOOL *v.* SMITH.

December, 1863.

[Affirming 1 *Daly*, 311.]

Where the plaintiff demised a tract of land to the defendants for a term years, and reserved to his own use a building thereon till a specified date before the expiration of the term, and, no demand being made by the defendants, continued to occupy the building after the time for which he had reserved it had expired; *Held*, that this did not amount to an eviction by the plaintiff since the defendants had never been in possession.

---

Vanderpool *v.* Smith.

*It seems*, that if the tenants had demanded possession at the day appointed, refusal by the landlord to deliver up possession would not have constituted an eviction.

In both the above cases the proper remedy of the tenants is an action on the landlord's covenant.

Though the tenants, immediately upon the holding over (they not having demanded possession) notified the landlord of their intention to rescind the lease, the latter can recover rent of them for a subsequent quarter.

Jacob Vanderpool brought this action in the marine court against Thompson Smith and John W. Wilson to recover rent alleged to be due on certain real estate in New York city, for the quarter ending November 1, 1861. The defense set up was eviction by the landlord, the plaintiff in this action.

It appeared at the trial that in 1860 the plaintiff demised to the defendants for a term of years a tract of land, portions of which he reserved to his own use. Among the reservations so made was the right to occupy a small building up to August 1, 1861. The plaintiff continued to occupy this building, the defendants not demanding possession of him until after August 1. On August 2, the defendants notified him that they rescinded the lease, since he had broken it; and that they should remove from the premises at once, which they proceeded to do. On August 7, the plaintiff tendered the possession of the small building referred to, which was refused.

The marine court gave judgment for the plaintiff. The New York common pleas affirmed the decision of the court below, on the ground that the evidence warranted the conclusion that the plaintiff did not intend to withhold the possession of the small building in question from the defendants, and that, consequently, there was no eviction. Reported in 1 *Daly*, 311.

Defendant appealed.

————— —————, for the defendants, appellants.

*Francis Byrne*, for the plaintiff, respondent.

DAVIES, J.—By the terms of this law the defendants were bound to pay the quarter's rent due to the plaintiff on the first

day of November, 1861, and for the recovery of which this action is brought. The defense is, that the landlord, the plaintiff, evicted the defendants from a portion of the premises covered by the lease, and that, consequently, they were discharged from the payment of any rent reserved by it. Such eviction, it is alleged, consists in the circumstance that the plaintiff continued in possession of the frame building mentioned in the lease after August 1, when, by the terms of the lease, such possession was to terminate on that day. It is a well settled-rule that the quiet enjoyment of the demised premises without any molestation on the part of the landlord, is an implied condition, on which the tenant is bound to pay rent. If the lessor himself expels the tenant from the whole, *or part only,* of the demised premises, the tenant is discharged from the payment of the whole rent, and the reason for the rule, why there shall be no apportionment of the rent in this case is, that it is by the wrongful act of the landlord himself, and no man may be encouraged to injure or disturb his tenant in his possession, whom, by the policy of the feudal law, he ought to protect and defend. *Taylor Land. & Ten.* § 378, and cases there cited. In the present case it is clear that this plaintiff neither evicted or expelled these defendants from the demised premises or any part thereof. Neither did he do any act to render the possession of the premises by them inconvenient or uncomfortable. He did not refuse to deliver the possession of the frame building on August 1, and receiving no information from them that they required, or wished possession thereof on that day, he might well have been led to the conclusion that it was not desired by them. The circumstance that he did not go to the defendants on August 1, and make a formal surrender of the possession of the premises is no evidence of any intent on his part to hold the same in hostility to their wishes, and thereby evict or expel them therefrom. He was rightfully in possession of the frame building, and his omission to put the defendants in possession thereof on August 1, or their neglect to take such possession, or demand the same, can not rightfully be regarded as an eviction or expulsion of the defendants therefrom. It is difficult to maintain the proposition that they were

evicted or expelled from a building of which they never had possession, nor took any measures to obtain possession of. That an action might have been maintained by these defendants against this plaintiff for a breach of his covenant that they should peaceably have possession of the whole of the demised premises may be conceded—and it also may be conceded that they could have recovered damages, if they sustained any, by reason of the plaintiff's occupancy of the building for the six days, but these circumstances fail to make out the defendants' proposition that they have been evicted and expelled from a portion of the demised premises. Hanks v. Virtue, 5 *Adol. & Ellis*, 367, was an action where the plaintiff claimed to recover for breach of covenant, for, that being possessed of certain premises, the defendant entered into the premises, and upon the plaintiff's possession, and expelled and kept him out; to which the defendant pleads, that he did not enter and expel him therefrom; and it was held that such breach was not proven by evidence that the plaintiff came to take possession, but was refused entrance by defendant who continued occupying the premises, but never admitted him.

LITTLEDALE, J., said : " Here an expulsion, which is a putting out did not take place, a party who comes to claim, but has never entered can not be expelled." To constitute an eviction or expulsion there must be some affirmative act on the part of the party sought to be charged with the consequences flowing therefrom. An eviction consists in taking from a tenant some part of the demised premises of which he was in possession, not in refusing to put him in possession of something which, by the agreement of the parties he ought to have enjoyed. The omission of a landlord, therefore, to perform such covenant does not amount to an eviction, and is no bar to the lessor's claim for rent. The lessee's remedy is by an action to recover damages for a breach of the covenant. Etheridge v. Osborne, 12 *Wend.* 529. In this case there was a failure on the part of a lessor to perform certain covenants contained in the lease which, if they had been performed, would have rendered the demised premises more valuable, and it was held that such failure furnished no bar to the lessor's claim for rent. Chief-Justice SAVAGE, in the opinion says, " an

eviction consists in taking from the tenant some part of the demised premises of which he was in possession, not in refusing to put him in possession of something which, by the agreement he never enjoyed, a tenant can not be evicted from that which he never possessed, it is impossible, therefore, upon the assumed facts, that there can have been an eviction. Had the landlord after the raceway was dug and the water let in, and enjoyed by the tenant, subsequently diverted the water from the raceway, or a part of it, that, I think, would have amounted to an eviction." See also, Edgerton v. Paige, 20 *N. Y.* 281, and cases there cited.

The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.