WARD *v.* EDESHEIMER *et al.*[1]

(*Common Pleas of New York City and County, General Term.* January 4, 1892.)

ACTION FOR RENT—DUTY OF LANDLORD TO EJECT TRESPASSER.

In an action to recover rent, it appeared that the landlord had leased certain premises to defendants, a portion of which had previously been hired by defendants from a former lessee, who had sublet another portion to one M. After defendants' term in the entire premises had commenced, M. remained in possession of his portion as a trespasser. *Held,* that it was not the duty of the landlord to eject M. as a condition precedent to his right to recover rent, he having no contract relation with M., and not having encouraged or assisted him in any way in retaining possession of the premises.

Appeal from sixth district court.

Action by Edward F. Ward against Isaac Edesheimer and others to recover rent. From a judgment for plaintiff, defendants appeal. Affirmed.

The opinion of the court below was delivered by LACHMAN, J., and is as follows: "The question involved in this action is purely one of law. There is no substantial conflict in the evidence. The plaintiff's assignors leased certain premises to the defendants. A portion of these premises had previously been hired by the defendants from a former lessee, and another portion had been sublet to one McMahon. After the defendants' term in the entire premises had commenced, McMahon remained in possession of his por-

[1] Leave to appeal to court of appeals denied, 18 N. Y. Supp. 139.

tion.   The defendants paid rent to the plaintiff's assignors (as is conceded by the answer) for some months, but now contest this action for subsequent rent, on the ground that they have sustained damage through the failure to secure possession of the store.   The decision of the case turns entirely on the question whether it is the duty of the landlord to eject the wrong-doer, and give the rightful tenant possession, or whether the latter must secure possession himself.   The landlords were in no way directly connected with the withholding of the property.   McMahon is not shown to have had any contract relation with them, nor was he encouraged or assisted by them in any way.   He had no paramount title or right, and, so far as is disclosed by the testimony, was simply a trespasser.   The lease to Storz, under whom the defendants and McMahon held up to May 1st, expired on that day..  Under these circumstances, the authorities seem to leave no doubt that the plaintiff is entitled to recover.   *Gardner* v. *Keteltas*, 3 Hill, 330; *Insurance Co.* v. *Scott*, 2 Hilt. 550.   If McMahon were in under a paramount right, or by the consent of the landlords, or under a prior lease from the landlords, a different rule would apply.   *Trull* v. *Granger*, 8 N. Y. 115.   The fact that the lease was executed on May 3d does not seem to me to affect the rule.   It is unnecessary to determine what remedy the defendants could pursue as against McMahon to secure possession.   Whether they could maintain summary proceedings, as Judge McAdam insists in his treatise, or whether they would be left to their action in ejectment, is immaterial.   The only remaining argument presented by the learned counsel for the defendants is based on the statute of champerty.   Even if this statute could be held applicable to a lease of this sort, it has no application here, as McMahon is not shown to maintain such adverse possession as is contemplated by the law; and, further, there is no evidence whatever to show what claim he makes.   The plaintiff is therefore entitled to judgment."

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Benno Loewy*, for appellants.   *Coleridge A. Hart*, for respondent.

PER CURIAM.   The questions involved in this action were purely questions of law.   There was no substantial conflict in the evidence.   We think that the court below has very clearly and succinctly stated the law applicable to the facts in this case, and that the judgment should be affirmed on his opinion.