SULLIVAN v. SCHMITT.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. LANDLORD AND TENANT—LEASES—POSSESSION—NONDELIVERY—FAILURE OF CONSIDERATION.

Plaintiff leased a building to defendant for a year from May 1, 1902, but on the date the tenancy was to begin defendant was unable to deliver possession of the ground floor, which was in possession of another tenant, whose lease had not expired. Plaintiff unsuccessfully attempted to eject such tenant, after which he demanded and received rent from him. Defendant occupied the basement and upper floors until June 1st under plaintiff's promise to deliver possession of the entire premises, but on his failure to do so defendant abandoned the property. Held, that such facts showed a failure of consideration for the lease, so that plaintiff was not entitled to recover the balance of the rent for the month of May.

2. SAME—WAIVER.

Defendant's occupation of the balance of the premises during the month of May under protest against the other tenant's presence and under the landlord's request that defendant remain during the month, promising to deliver the entire premises, at the end thereof, did not constitute a waiver of defendant's right to possession of the entire premises.

3. SAME—TENDER.

Where a landlord failed to deliver a part of the premises leased to defendant by reason of an unexpired lease of part of the premises outstanding in another, defendant's offer to pay the balance of the rent due before he abandoned the premises if the landlord would deliver possession of the entire premises, did not amount to an admission that the landlord was entitled to recover rent under the lease.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Timothy J. Sullivan against John George Schmitt. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

S. Feuchtwanger, for appellant.
Jones Cochrane, for respondent.

HOOKER, J. The nonsuit at the close of the plaintiff's evidence was not error. Plaintiff's complaint alleged a cause of action for rent for the month of May, 1902, stating that in April of that year he let and demised the premises in question to the defendant for one year from the 1st of May, 1902, at the yearly rental of $900, payable monthly in advance; that $25 was paid, and the balance of the rent payable May 1st is due. The proof bore out these allegations, and showed that the payment on account was made early in April, but developed the fact that when the 1st of May arrived, and the plaintiff sought by legal process to dispossess one Tobin, who had been a tenant occupying the ground floor of the premises, it was judicially determined that Tobin's right to possession had not come to an end, and exercising that right, he remained in possession of the premises during the month of May and for many months thereafter. Not only that, but the plaintiff also demanded and received from Tobin the rent for the ground floor of the premises which he had been accustomed to pay,

and this upon his own responsibility, and not as agent for the defendant, or representing him in any way. The defendant occupied the basement and upper floor of the premises until the 1st of June, when, it appearing that Tobin would remain indefinitely in possession of the ground or "store" floor, the defendant quit. There was some conflict in the evidence as to whether the plaintiff agreed with the defendant to put him into possession of the whole premises on the 1st of May, but this conflict we deem unimportant for the reason that, taking the view most favorable to the plaintiff, the whole evidence shows a failure of consideration for the contract. It is true that it is not the duty of a landlord to eject a trespasser, wrongfully in possession, for the benefit of a lessee about to enter (Gardner v. Keteltas, 3 Hill, 330, 38 Am. Dec. 637; Ward v. Edesheimer [Com. Pl.] 17 N. Y. Supp. 173; Thomson-Houston Electric Co. v. The Durant Land Improvement Co., 4 Misc. Rep. 207, 23 N. Y. Supp. 900), but here it has been established by competent authority that the plaintiff was without legal right or power to give possession of the ground floor of the premises, and the principle quoted can have no bearing. The portion of the premises in possession of Tobin was a material part thereof; in fact it is fairly to be inferred that it was the principal part thereof. This case should be disposed of upon the principles underlying the decision in Trull v. Granger, 8 N. Y. 115. There it was held that where a landlord, after leasing to one, leases to another, before the commencement of the term, and by reason thereof the first lessee is deprived of the enjoyment of possession, an action for his damages will lie in his favor against the landlord. Because the plaintiff could not and did not demise the premises, he failed to perform the contract on his part, and was not entitled to maintain this action for rent, which is based upon the contract. By his occupation of the balance of the premises during the month of May the defendant could not be said to waive his claim to the right of possession of the ground floor, for he was there protesting against Tobin's presence, and it is undisputed that the plaintiff requested him to remain during the month, promising to get rid of Tobin at its end.

The alleged tender by the defendant of the balance of the rent has not the legal effect with which the appellant seeks to stamp it. In many cases it is doubtless true, as he urges, that a tender is an admission of the cause of action stated in the complaint to the amount tendered. Eaton v. Wells, 82 N. Y. 576; Spalding v. Vandercook, 2 Wend. 431; Johnston v. The Columbian Ins. Co., 7 Johns. 315. The answer of the defendant did not, as was the fact in these cases, plead tender of any particular amount. It contained simply an averment of tender of all that was due to the plaintiff under the contract. But the evidence of all the witnesses called by the plaintiff showed that the defendant's act which it is sought to construe into a tender was simply an offer, after the judicial determination of Tobin's right to remain, to pay the balance of rent due if the appellant would give possession of the entire premises. The defendant merely emphasized his offer by producing and exhibiting the cash. The judgment should be affirmed.