LOUIS A. DUHAIN, Respondent, *v.* MERMOD, JACCARD & KING JEWELRY COMPANY, Appellant.

Landlord and tenant — removal of part of demised premises by order of municipal authorities — when such eviction of tenant does not constitute defense in action for rent.

1. When a landlord wrongfully enters upon a part of the demised premises the whole rent is suspended until possession is restored, but where a part is recovered by title paramount to the lessor's, it is an exception to the rule. In that case he is not so far considered in fault as that it should deprive him of a return for the part remaining

2. Where a landlord under compulsion from the municipal authorities removed part of the demised premises which encroached on the sidewalk, and the change is shown to have been beneficial to the tenant, such partial eviction is not a defense in an action to recover the rent, although an apportionment or abatement of the rent might be allowed if loss resulted to a tenant, and that fact is pleaded. (*Christopher* v. *Austin*, 11 N. Y. 216, distinguished; *Gallup* v. *Albany Ry. Co.*, 65 N. Y. 1, followed.)

*Duhain* v. *Mermod, Jaccard & King Jewelry Co.*, 150 App. Div. 930, affirmed.

(Submitted March 9, 1914; decided June 2, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1912, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Beverly Winslow* and *Alva Collins* for appellant. The lease contains by implication a covenant of quiet enjoyment "against paramount title and against such acts of the landlord as destroy the beneficial enjoyment of the lease." (Jones on Landl. & Ten. § 349; *Mayor* v. *Mabie*, 13 N. Y. 151; *Vernon* v. *Smith*, 15 N. Y. 327; *Rotter* v. *Goerlitz*, 12 N. Y. Supp. 210; *Conley* v. *Schiller*, 24 N. Y. Supp. 473; *Tone* v. *Brace*, 11 Paige, 566; *Mack* v. *Patchin*, 42 N. Y. 167; *People ex*

rel. Murphy v. Gedney, 10 Hun, 151; Duff v. Hart, 40 · N. Y. S. R. 676.) The lease included the stoop as it existed at the date thereof. (Sirey v. Braems, 65 App. Div. 472; People ex rel. Murphy v. Gedney, 10 Hun, 151; Pabst Brewing Co. v. Thorley, 145 Fed. Rep. 117.) The tearing down of the stoop and the alterations to the store constituted a wrongful, actual, partial eviction by the landlord and a breach by him of his covenant of quiet enjoyment. (Brown v. Wakeman, 42 N. Y. S. R. 677; Forster v. Eberle, 7 Misc. Rep. 490; Gallup v. Albany Railway, 65 N. Y. 1; Connor v. Bernheimer, 6 Daly, 295; City of New York v. U. S. Trust Co., 116 App. Div. 349; Hall v. Irvin, 78 App. Div. 107; Seigel v. Neary, 38 Misc. Rep. 297; Hamilton v. Graybill, 19 Misc. Rep. 521.) The wrongful partial eviction by the landlord suspended the rent of the whole premises. (Vermilya v. Austin, 2 E. D. Smith, 203; Christopher v. Austin, 11 N. Y. 216; Sirey v. Braems, 65 App. Div. 472; Ferber v. Apfel, 113 App. Div. 720; People ex rel. Murphy v. Gedney, 10 Hun, 151; Peck v. Hiler, 24 Barb. 178; Brown v. Wakeman, 42 N. Y. S. R. 677; Dyett v. Pendleton, 8 Cow. 731.) Even if it be held that the tearing down of the stoop and the alterations inside the building line did not constitute a wrongful, actual, partial eviction by the landlord, then the removing of the stoop was an eviction of the tenant from a portion of the premises by title paramount. (Pabst Brewing Co. v. Thorley, 145 Fed. Rep. 117; 203 U. S. 597; Hymes v. Estey, 117 N. Y. 501; City of New York v. Knickerbocker Trust Co., 121 App. Div. 740; Broadbelt v. Loew, 15 App. Div. 343.) An actual partial eviction by title paramount constitutes an equitable defense to the landlord's claim for rent. (Blair v. Claxton, 18 N. Y. 529; Moffat v. Strong, 9 Bosw. 57.)

Henry W. Unger for respondent. Eviction by title paramount does not suspend rent. (Jorgenson v. Squires, 144

N. Y. 280; *Phyfe* v. *Eimer*, 45 N. Y. 102; *Stewart* v. *Griggs*, 138 App. Div. 701; *City of New York* v. *U. S. Trust Co.*, 116 App. Div. 349; *Gallup* v. *A. R. R. Co.*, 65 N. Y. 1; *Noyes* v. *Anderson*, 1 Duer, 342; *Campbell* v. *Porter*, 46 App. Div. 628; *Folts* v. *Huntley*, 7 Wend. 215; *Christopher* v. *Austin*, 11 N. Y. 218; *Kelly* v. *Miles*, 48 Hun, 6.)

WILLARD BARTLETT, Ch. J.   This is an action for rent. In 1905, by a lease in writing, plaintiff let to the defendant a small store known as the Stoop Store, in the basement of the building No. 400 Fifth avenue, in the city of New York, for a term of four years, ten months and twenty days, ending on the first day of May, 1910, at a rent of $2,200 per annum for the first ten months and twenty days, and for the three remaining years of the term at a rent of $2,400 per annum. The defendant entered into possession and occupied the premises during the entire term, but failed to pay the rent due subsequent to August 1, 1909, amounting to $1,800.

The building in which the store in question was located was originally a high stoop, private residence, and had been altered for business purposes, so that the Stoop Store occupied the basement hallway, and was accessible from the street only by passing under the highest part of the stoop. The space under the stoop extending fourteen feet beyond the building line of Fifth avenue was inclosed with glass windows for display purposes, and defendant was permitted to use this space in connection with the leased store until April, 1908, when the board of estimate and apportionment in the due exercise of its authority in the premises, directed the widening of Fifth avenue at this point so as to compel the removal of the stoop. The landlord complied with this requirement of the municipal authorities as, indeed, he was obliged to do; and in order to enable the lessee to utilize the frontage of the store for display purposes he constructed a new entrance in the

form of an open vestibule by encroaching upon an adjacent store under his control. The construction of this new entrance, however, reduced the width of the store space by about one foot in front.

The defense was that the act of the landlord in thus removing this stoop, and the consequent reduction of the store space, although under compulsion from the municipal authorities, constituted a partial eviction and hence that the rent of the entire premises was suspended during the continuance of such eviction.

It is plain from the findings that the space under the stoop was appurtenant to the leased premises and that the parties contemplated its enjoyment by the lessee only as long as the city of New York should make no objection to the encroachment upon the street. It had permitted the encroachment for twenty-five years prior to the 24th day of July, 1909, and the plaintiff removed the stoop on that date against his will and desire and only in consequence of a threat from the chief engineer in the bureau of highways to the effect that he would remove the encroachment himself unless the plaintiff did so. After the stoop was thus removed and a new entrance provided, the superficial area in and appurtenant to the leased premises within the building line was greater than it was before in consequence of some necessary alterations in the interior walls; and the trial court has found that the removal of the stoop enhanced the rental and commercial value of the store; being an advantage rather than a detriment to the premises.

While the learned trial judge has found that the lease contained an implied covenant that the defendant should have quiet possession of the premises, there was no warranty against the exercise by the municipality of its power to compel the removal of the encroachment upon Fifth avenue. The partial eviction, therefore, if there was one, involved no wrongful act or misconduct on the part of the landlord; but he merely

yielded to the paramount title of the city so far as the stoop was concerned. The case, therefore, differs radically from *Christopher* v. *Austin* (11 N. Y. 216), relied upon by the appellant, where it distinctly appeared that the eviction was wrongful. In its essential features the present case is like *Gallup* v. *Albany Ry. Co.* (65 N. Y. 1) where the defense to an action for rent was that the defendant was evicted either by the plaintiff or by title paramount in consequence of the action of the authorities of the city of Albany in changing the grade of a street so as to interfere with access to the demised premises. There being no covenant by the plaintiff to protect the defendant from injury which might be occasioned by this act of the city, the Commission of Appeals held that the defendant could not claim any abatement from the rent agreed to be paid by the terms of the lease.

In *Christopher* v. *Austin* (*supra*), after stating the rule that if the landlord *wrongfully* enter upon a part of the demised premises the whole rent is suspended until possession is restored, the court goes on to say: "The exception to the rule is where a part is recovered by title paramount to the lessor's; for in that case he is not so far considered in fault as that, it should deprive him of a return for the part remaining." (p. 218.) Under the rule thus qualified, the appellant might have been entitled to an apportionment or abatement of the rent if it had been asked for in the answer and if the proof had shown any loss resulting to the tenant by reason of the removal of the stoop and the consequent changes in the store front and entrance. No apportionment was demanded, however, and, as has already been stated, the change in the premises is shown to have been beneficial to the tenant.

This case was correctly disposed of in the courts below and the judgment should be affirmed, with costs.

WERNER, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment affirmed.