(174 App. Div. 236)

### J. W. CUSHMAN & CO. v. EDWARD W. BALLOW & CO., Inc.

(Supreme Court, Appellate Division, First Department. October 20, 1916.)

1. LANDLORD AND TENANT �ആ190(2)—PARTIAL EVICTION UNDER AUTHORITY OF LAW—EFFECT ON RENT.

The eviction is not wrongful so as to authorize a complete suspension of the rent, but only a partial eviction under such legal authority as will authorize the tenant to ask for a proportionate abatement of the rent, where, after lease by plaintiff to defendant of one of several lofts in a building, plaintiff, to comply with direction of the building department to provide an additional fire escape, in good faith and without intent to injure defendant, did work with the approval of the inspector of such department, which therefore will be deemed the alteration required by such department to provide greater safety for the employés, which deprived defendant of part of his floor space.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 766; Dec. Dig. ⊚ആ190(2).]

2. LANDLORD AND TENANT ⊚ആ180(4)—PARTIAL EVICTION—SPECIAL DAMAGES.

The tenant can recover special damages for partial eviction only in case of wrongful act by the landlord, and not where the result of his compliance with an order of municipal authorities to supply an additional fire escape.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 723–727; Dec. Dig. ⊚ആ180(4).]

Appeal from Appellate Term, First Department.

Action by J. W. Cushman & Co. against Edward W. Ballow & Co., Incorporated. From a determination of the Appellate Term, affirming a judgment of the Municipal Court for plaintiff, for an installment of rent reserved in a lease, defendant appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Edward Hymes, of New York City, for appellant.
Joseph Day Lee, of New York City, for respondent.

SMITH, J. Plaintiff is the owner of two adjoining buildings upon Twenty-Third street in which are lofts which are rented to various parties. In one building there are five stories, and in the other six, so that the floors in the different buildings are not upon the same level. Defendant leased a loft in one of these buildings for the term of 1 year and 8 months. Prior to the making of the lease the plaintiff had been directed by the building department to provide additional

fire escapes for the several lofts, including the one leased by the defendant. After the defendant had assumed occupation of the loft in question, the plaintiff broke through his side wall into a closet there situated, and constructed a stairway into the lofts in the adjoining building. This was done with the approval of the inspector of the building department as a proper way of complying with the order to provide an additional fire escape for the building. By reason of this act of the plaintiff the defendant was deprived of a substantial portion of his floor space, was compelled to readjust his machinery, to cancel some orders, and to store some of his machinery. The defense is that, by reason of a partial wrongful eviction by the plaintiff, the rent is suspended. The Municipal Court allowed the plaintiff the full amount of rent, refusing to allow the defendant to counterclaim for the special damages done to him as above set forth. No claim was made in the Municipal Court for an apportionment of rent, and the defendant's answer only pleaded his damages in the sum of $615.15 "by reason of the plaintiff's said act, to wit, the acts hereinbefore stated, exclusive of depriving defendant of a portion of his floor space." The Appellate Term has affirmed this judgment, and by permission the defendant has appealed to this court.

[1] In the twelfth paragraph of the lease it is provided that the tenants shall "conform to any reasonable alteration or regulation that may be deemed necessary for the protection of the building and the general comfort and welfare of the occupants of the same." Even if it is not expressed, such a covenant would be implied. The landlord had, we may assume, three ways of conforming to the direction of the building department: First, by building fireproof interior staircases, which is not considered material because the injury to the defendant would have been greater with such construction than with the construction adopted; secondly, the building of exits into an adjoining loft, which was the method adopted; third, the building of a rear exterior fire escape. In determining which method should be adopted the landlord was required to consider, not only his own interest in the future management of the property, but the interests of the tenants of the different lofts in the two buildings, as well as the safety of the employés. The method chosen was approved by the fire department, and was confessedly as safe, if not safer, than the providing of an exterior fire escape in the rear. There is no charge of bad faith, or of an intent to injure the defendant in the choice made by the landlord, and the method chosen will, under the circumstances, be deemed the alteration required by the building department in order to provide greater safety to the employés from fire. If such be the law, the question becomes one easy of solution. The eviction was not wrongful so as to authorize a complete suspension of the rent within Christopher v. Austin, 11 N. Y. 216, but was a partial eviction, under such legal authority as would authorize the tenant to ask for a proportionate abatement of the rent within Duhain v. Mermod, 211 N. Y. 364, 105 N. E. 657, L. R. A. 1915D, 368, Ann. Cas. 1915C, 763.

[2] But this right to a proportionate abatement of the rent does not give to the defendant the right to counterclaim for other special dam-

age in adjusting his machinery for use in the balance of the property from which he has not been evicted. Claim for such special damage can only follow from a wrongful act on the part of the landlord. Williamson v. Stevens, 84 App. Div. 521, 82 N. Y. Supp. 1047. Inasmuch, however, as in the case at bar no claim was made, either in the pleadings or upon the trial, for a proportionate abatement of the rent, a recovery for the amount of the rent due was properly sustained by the Appellate Term.

The determination appealed from is therefore affirmed, with costs. Order filed. All concur.