William J. Forshaw, Respondent, *v.* Henry T. Hathaway, Appellant.

(Supreme Court, Appellate Term, Second Department, May, 1920.)

Landlord and tenant — lease — possession of part of premises — election — eviction — summary proceedings.

Where a landlord fails to give his tenant all that the letting calls for, the tenant is not obliged to accept any portion of the premises, but, if he does, he is liable for the rent called for by the lease.

Where the tenant elects to accept possession of a portion of the leased premises he has the right to bring an action to have the rent apportioned or to recover damages for the landlord's failure to give possession of the whole property.

Where the tenant is sued for non-payment of rent or a dispossess proceeding to remove him from the premises is based thereon, he may defend on the ground of the rights which follow his election to accept possession of a portion of the leased premises.

A lease of two buildings fixed a stated sum as the rent for both, but the lessee, who before the term was to begin had paid one month's rent in advance, never obtained possession of but one of the buildings, the other being occupied by a tenant claiming the right to remain for an additional year and the landlord did not succeed in removing him. *Held*, that the failure of the landlord to put the lessee in possession of the other building was neither an eviction nor an equivalent thereof, and that said lessee was liable for the rent agreed upon, and a final order in summary proceedings awarding possession to the landlord will be affirmed.

APPEAL by the defendant, tenant, from a final order of the Municipal Court of the city of New York, borough of Brooklyn, seventh district, in favor of the plaintiff, landlord, after a trial before the court without a jury.

Joseph Fried, for appellant.

James A. Sheehan, for respondent.

CROPSEY, J.   The respondent made a lease of two buildings.  This with his consent was assigned to the appellant before the term began.  When the appellant became entitled to possession he could obtain but one of the buildings, the other being occupied by another tenant claiming the right to remain for an additional year.  The respondent did not succeed in removing the other tenant and the appellant took possession of the one building that was available.  He had paid one month's rent in advance and before the term was to begin.  After he was in possession of the one building he refused to pay any additional rent. This proceeding was then started to dispossess him for failing to pay four months' rent at the rate specified in his lease.  The appellant has never obtained possession of the other building.  In his answer appellant does not plead any counterclaim for damages nor does he seek or claim to be entitled to an apportionment of the rent.  Upon the trial it was conceded that the appellant had offered to pay the rent for the one building which he occupied and that the respondent refused to accept it.  The lease did not fix separate amounts for each building.  It merely fixed the rent for two buildings at a stated figure.

The question is merely one of law and there are authorities that support the conflicting contentions of the appellant and respondent.

8

Appellate Term, Second Department, May, 1920.   [Vol. 112.

The appellant claims that he has been evicted from a portion of the premises and hence is not obliged to pay any rent.. That this is the rule where there has been an actual partial eviction by the act of the landlord is not disputed. *Fifth Avenue Building Co.* v. *Kernochan,* 221 N. Y. 370, 373. The question is whether the admitted facts constitute an eviction and if they do not whether, the same rule applies as though there had been such an eviction. It would seem to be plain that no one could be evicted from something of which he had never been possessed. Merely refusing to put one in possession of premises, which under agreement he was entitled to, is not an eviction.. *Vanderpoel* v. *Smith,* 4 Abb. Ct. App. Dec. 461, 464; *Etheridge* v. *Osborn,* 12 Wend. 529, 532. See, also, *Diamond* v. *Bollt,* 174 N. Y. Supp. 642.

So the decision here depends upon whether the same rule is applicable where the landlord has failed to put the tenant in possession of the entire leased premises as where there has been an actual eviction by the landlord from a portion of them. That the same rule does not apply and that where the landlord merely fails to put the tenant in possession of a portion of the premises and the tenant accepts possession of the remainder he may be sued for the entire rent or dispossessed for its non-payment. See *O'Brien* v. *Smith,* 37 N. Y. St. Repr. 41; affd., 129 N. Y. 620; *Smith* v. *Barber,* 96 App. Div. 236. That under such circumstances the landlord may neither recover his rent nor dispossess his tenant. See *Lawrence* v. *French,* 25 Wend. 443; affd., 7 Hill, 519; approved though only in *dictum* in *Christopher* v. *Austin,* 11 N. Y. 216, 218; *Sullivan* v. *Schmitt,* 93 App. Div. 469.

In this conflict in the cases the decision here must be determined by principle and upon sound reasons. The reason underlying the decisions holding that a

landlord who has evicted a tenant from a portion of the premises may not recover the rent or the possession of the property for its non-payment is that the landlord is not permitted to apportion his own wrong. Having by his wrongful act taken from the possession of the tenant a portion of the demised premises he cannot ask the tenant to live up to the terms of the letting, nor can he seek an apportionment of the rent. But this reason has no force or application where the tenant has never been in possession and the landlord has not taken anything from his possession.

If a landlord fails to give to his tenant possession of all that the letting calls for the tenant is not obliged to accept any portion of the premises. He may refuse to accept only a part. And if he does so the landlord could not compel him to pay any rent and the tenant would have an action against him for his damages. If, however, a tenant knowing he cannot get possession of all the property accepts possession of a portion of it he is not put in that position through any wrongful act of the landlord. The tenant has the option of refusing to take a portion of the premises or of taking the portion of which he can have possession. Electing to do the latter he takes it only under his lease and so obligates himself to comply with its terms. This makes him liable for the rent called for by the lease. And if he fails to pay that he may be sued for it or dispossessed.

Under this holding the tenant is not prejudiced. He has his election, as has been stated. And if he chooses to accept possession of a portion of the premises he has the right to bring an action to have the rent apportioned (*Duhain* v. *Mermond, Jackard & King J. Co.*, 211 N. Y. 364), or to recover his damages arising from the landlord's failure to give him possession of the

whole property as agreed. And if he is sued for non-payment of the rent or a proceeding to remove him from the property is based thereon he may defend on the ground that he is entitled to an apportionment or to damages for the landlord's breach of the agreement. In this way the tenant's rights are fully protected.

On the other hand, if the contention of the appellant is sustained the tenant may remain in a portion of the premises without paying any rent and the landlord can neither recover the rent nor possession of the property. Here the tenant did not seek either an apportionment of his rent or damages for breach of the landlord's agreement. This not being pleaded he had no defense to the proceeding. *Cushman & Co.* v. *Ballow & Co., Inc.,* 174 App. Div. 236, 239. We think the failure of the landlord to give possession to his tenant of the entire property, where the tenant accepts possession of a portion of it, is not an eviction nor the equivalent thereof and that the cases holding that under such circumstances the tenant is obligated to pay the rent agreed upon state the correct rule. Such a disposition will not prevent the appellant from asserting his claim for damages arising from the landlord's breach of his agreement.

CLARK and KELBY, JJ., concur.

Order affirmed, with costs.