JELICO REALTY, INC., Appellant, v. F. J. SCHILLING FURNITURE CO., INC., Respondent.— The plaintiff's building was leased to defendant, to be used for the manufacture of furniture. The roof frequently leaked and the water damaged defendant's furniture. When a leak occurred plaintiff would patch the roof, and this patching would be followed by further leaks and further patching. The action was brought to recover rent. Defendant pleaded its damage by water as a counterclaim, and recovered. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

RUTH CORNELL, Appellant, v. J. J. NEWBERRY Co., Respondent.— Appeal from a judgment and from an order of the Supreme Court, Saratoga county, setting aside the verdict of a jury in favor of the plaintiff and dismissing the complaint. On a former appeal a judgment in favor of the plaintiff was reversed on the ground that the verdict was against the weight of the evidence. (See 250 App. Div. 816, for statement of the nature of the action and the decision of this court.) The medical evidence as to causal relation was especially weak. On the trial resulting in the present appeal the trial justice on the motion to set aside the verdict states: " I feel under the circumstances that that decision rendered by the Appellate Division on the former trial requires me here under the circumstances on this record to dismiss the complaint." On the second trial, however, additional proof was produced by the plaintiff as to the presence of illuminating gas at the place where she worked; as to promises made by defendant's manager relative to remedying the condition; also as to causal relation between the presence of the gas and her illness. Judgment and order reversed on the law and facts, with costs, and verdict reinstated. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

JACOB BRAGUNIER, Appellant, v. MARY DWIGHT WENDELL, Respondent.— Plaintiff appeals from a judgment of nonsuit and the dismissal of his complaint, at the close of his evidence. The complaint alleges, *inter alia*, " *Fifth,* that upon another occasion during the months of July and August, while the plaintiff was employed by the defendant, and upon her premises, and in the presence of other people, she said this plaintiff was a liar and a thief." Upon the trial a witness testified: " She [defendant] told me on that occasion that Mr. Bragunier [plaintiff] was a liar and also a thief." It is slanderous *per se* to call another a thief. It was error to grant the nonsuit, and like error to dismiss the complaint. Judgment reversed on the law, with costs, and new trial granted. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.