NETTY C. STEIN et al., Respondents, v. W. T. GRANT COMPANY, Appellant.— On December 7, 1927, plaintiffs leased to the defendant a three-story and basement building and garage in the Village of Hempstead, together with a right of way 8 feet wide and 170 feet in depth, contiguous with the southerly wall of the building. The lease was for a term of twenty-one years commencing February 1, 1928, and expiring January 31, 1949. The stipulated yearly rental was $20,000 up to February 1, 1942, and $22,000 thereafter. On December 24, 1940, the Village instituted a proceeding to acquire the fee of the eight foot right of way, and title vested in the Village on June 30, 1941. The landlords were awarded $17,244.33, including interest, for the fee, and an assessment for benefit in the amount of $8,946.81 was levied against the premises. This action was instituted by the landlord to recover the latter amount under the tenant's covenant to pay all assessments. Defendant, in a

second counterclaim, avers that plaintiffs claimed and recovered the sum of $12,512.50 in this condemnation proceeding for loss of rental value during the term of the lease, and defendant prays for judgment for that amount, less the assessment. Defendant, under rule 114 of the Rules of Civil Practice, moved for partial summary judgment on its second counterclaim. The motion was denied. In our opinion this was error. Defendant is entitled to an abatement of the agreed rent by reason of its being deprived of part of the demised premises. (1 McAdam on Landlord and Tenant [5th ed.], § 11, p. 28; 2 New York Law of Landlord and Tenant, § 737; *Gillespie* v. *Thomas*, 15 Wend. 464; *Fifth Avenue Building Co.* v. *Kernochan*, 221 N. Y. 370; *Duhain* v. *Mermod, Jaccard & King J. Co.*, 211 N. Y. 364; *Cushman & Co.* v. *Ballow & Co.*, 174 App. Div. 236.) While plaintiffs' expert and the Village's expert testified in the condemnation proceeding that there was a loss of rental value because of the extinguishment of the right of way, it cannot on this record be determined what is the actual loss of rental value suffered by defendant. Order reversed on the law and the facts, with $10 costs and disbursements, and defendant's motion to strike out the denials relating to its second counterclaim and to direct partial summary judgment thereon under rules 113 and 114 of the Rules of Civil Practice granted, with $10 costs, and the matter remitted to the Special Term to determine the loss of rental value suffered by defendant by reason of the taking. When that amount shall have been determined, it shall be divided into as many parts as there are months in the period from the date of vesting of title in the Village to the date of the expiration of the lease. Such monthly installments as have already accrued from the date of vesting to the date of entry of judgment shall be allowed to the defendant in full. The sum remaining, if any, shall be deducted by the defendant from the rent in equal monthly amounts as it becomes due. Close, P. J., Johnston, Adel and Lewis, JJ., concur; Aldrich, J., dissents and votes to affirm, with the following memorandum: Defendant's second counterclaim, which purports to plead a cause of action at law to recover the amount of the condemnation award, fails to state such a cause of action. The cause of action, if any, set forth in that counterclaim is an equitable cause of action for an abatement in the rent. An action of that nature is not within the purview of rules 113 and 114 of the Rules of Civil Practice.