Samuel H. Hofstadter, J.
By lease dated April 17, 1962, tenant leased Apartment 5A, on the fifth floor of 1001 Fifth Avenue, for the period beginning May 1, 1962 and ending September 30,1965. The rent is substantial. The parties agree that the apartment was to consist of 11 rooms. The question tried was whether a room the parties called Room N is part of the demise.
Room X is a servant’s room adjacent to a service hallway outside the apartment. The evidence is clear that throughout *1053 the period when it was occupied by the prior tenant, Mr. 0. Boy Chalk, apparently a substantial stockholder of the landlord, the room was considered part of the apartment. For a while, it had been used by Mr. Chalk as a laundry room; when the lease to Mr. Scull was made, and when the summary proceeding was instituted, it was occupied by his chauffeur.
Tenant claims that without this room his apartment consists of only 10 rooms. The landlord argues that Apartment 5A had, in the past, contained two corner bedrooms, that these had been converted into one bedroom, and that, in leasing the apartment, it was justified in counting the enlarged bedroom as two rooms and representing to tenant that the apartment was an 11-room apartment, without including the servant’s room.
The court below found that landlord’s real estate agent had shown Boom X to Mr. Scull when tenant viewed the apartment before renting, that Boom X had always been intended to be part of the apartment, that Boom X is a substantial part of the demised premises and that Mr. Chalk’s “ entirely laudable ” desire to provide a room for his chauffeur must give way to the new tenant’s right to enjoy the space he bargained for and to which he is entitled. He held that tenant had been partially evicted and that the entire rent therefore abated.
Boom X can be reached directly from an inner door in the apartment. It may also be reached through an outer door leading into the service hall. Until 1961, the outer door carried the letter “A” — indicating that it was one of the entrances to Apartment 5A. Since the Scull lease was made, the outer door has been repainted to obliterate the letter “A”.
The defense of actual partial eviction is predicated upon the arbitrary and willful interference with a tenant’s right of possession, or of his ingress or egress, by a landlord or by title paramount (Edgerton v. Page, 20 N. Y. 281; Davies, Turner & Co. v. Schatzen, 124 Misc. 170 [App. Term, 1st Dept.]; Huber v. Ryan, 26 Misc. 428). If such an eviction is the act of the landlord, “ it suspends the entire rent because the landlord is not permitted to apportion his own wrong ” (Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370, 373).
In Huber v. Ryan, supra, Judge Gaynor observed (p. 429) that to establish this defense there must be a forcible ouster of the tenant or such an unlawful interference with his beneficial use of the demised premises as amounts to a permanent substantial impairment of it. In Libby Props. v. Gross (76 N. Y. S. 2d 568 [App. Term, 1st Dept.]) this court held that a landlord’s refusal to permit a tenant to use the freight elevator constituted such an actual partial eviction which suspended the entire rent.
*1054 Landlord contends that because tenant never gained physical possession of Room X, as matter of law tenant’s defense was improperly interposed since there can be no actual partial eviction from an area that was never physically occupied by the tenant. In support of this proposition, landlord relies on Forshaw v. Hathaway (112 Misc. 112 [App. Term, 2d Dept.]); Webb & Knapp v. Churchill’s Term, Rest. (2 A D 2d 332 [1st Dept.]); and Carnegie Hall v. Zysman (238 App. Div. 515 [1st Dept.]).
In Forshaw v. Hathaway, and in Webb & Knapp v. Churchill’s Term. Rest, (supra) the tenants had taken possession of less than the whole knowing in advance that they could not get the whole demise. Having, with knowledge, elected to take the available portion, the defense was held no longer available to them.
In Carnegie Hall v. Zysman (supra) the Appellate Division noted that the defendant had stayed in possession for years and had interposed his defense of actual partial eviction belatedly by way of an amended answer at trial. This element of loches and waiver does not exist in the case before us.
Econopouly v. Hamerman (185 N. Y. S. 291 [Mun. Ct., City of 1ST. Y.]) is more directly in point. In that case the tenant took possession of a store upon the promise of the agent of the landlord that a partition which reduced the rented space from that described in the lease, would be removed. Although the tenant was never in possession of the space beyond the partition, the court found that the defense of actual partial eviction had been made out, distinguishing Forshaw v. Hathaway (supra) on the ground that the tenant in Forshaw was cognizant of the fact that the landlord was unable to give him the entire premises let when the tenant moved in.
Tenant in the case before us rented 11 rooms and was put in possession of 10. When he moved in, so far from knowing that the landlord would not give him possession of the 11th room, he was promised the room by landlord’s agent. A year later that promise had not been kept, the room was locked off from the apartment and it was being occupied by a stockholder of landlord. In this posture, there was such an arbitrary and willful interference by landlord with the tenant’s right of possession— such an unlawful interference with the beneficial use of the apartment — as amounts to a permanent substantial impairment to it. This constitutes an actual eviction, which suspends the obligation to pay rent.
It makes no difference to tenant that he was refused possession of the room rather than removed from it. The effect, from *1055 his viewpoint, is the same. In either ease, there results a partial failure of the consideration for the rent he agreed to pay.
It is no consolation to tenant that he is offered in lieu of the room a prorata reduction in rent. The choice is his — not the landlord’s. He need not accept this gratuitous offer.
Superficially it may appear harsh to deprive landlord of the entire rent for loss of 1 room out of 11. In fact, the rule is neither harsh nor unfair. Tenant is entitled to all the space for which he agreed to pay; and he need not accept less. The obligation to pay the full rent may, without difficulty, be restored by landlord giving tenant possession of the room now improperly withheld from him.
The judgment and final order appealed from should be affirmed, with $25 costs.
Concur — Hecht and Cappozzoli, JJ.
Judgment and final order affirmed, with $25 costs.