STANDARD BUTTON FASTENING COMPANY *vs.* PATRICK J. HARNEY & others.

Suffolk. December 3, 1891. — February 24, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Contract — Lease of Machine — Account annexed.*

In an action for the rent of a machine made by the plaintiff, it appeared that he "leased" the machine to the defendants for a certain rent monthly; and that, after the machine had been decided to be an infringement of a patent, and the plaintiff had been enjoined from infringing the same, he notified the defendants that any further use of the machine would be at their risk, but that, if they continued to use it, they must continue to pay the same rent to him as formerly. The defendants were not enjoined, but, upon being notified by the owner of the patent that a royalty equal to the rent named in the lease would be required of them for any further use of the machine, continued to use the machine, and paid the owner of the patent therefor. *Held,* that the action could be maintained.

CONTRACT to recover for the use of a patented machine. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, which, so far as material to the point decided, were as follows.

The plaintiff and the defendants, on or about January 7, 1889, executed a certain instrument by which the plaintiff " leased " to the defendants a machine made by the plaintiff for fastening buttons upon boots and shoes at a certain " rent," to be paid by

them for each month's use thereof. On February 4 following, it was decided by the United States courts that the machine made by the plaintiff and used by the defendants was an infringement of a patent owned by one Morley and others; and thereupon the plaintiff was enjoined from directly or indirectly making, using, or in any way infringing upon such patent. The plaintiff thereupon notified the defendants of the decision, and that the use of the machine would be thenceforward at their own risk, but that, if they continued to use the machine, the rent must be paid to him as theretofore. Soon after February 4, the owners of the patent also notified the defendants that the machine leased to them by the plaintiff was an infringement of the Morley patent; and that they would be required to pay as royalty a sum equal to the whole rent or royalty specified in the plaintiff's lease, and the defendants continued to use the machine, and thereafter paid as royalty on the machine to the owners of the Morley patent, during the time for which the plaintiff claimed rent, an amount equal to the sum claimed by the plaintiff.

If the defendants were exempted from paying the rent in question, judgment is to be entered for them; otherwise, judgment is to be entered for the plaintiff.

*W. H. Niles & G. J. Carr*, for the defendants.

*G. E. Smith*, for the plaintiff.

HOLMES, J. The only question not waived is whether the agreed facts show any defence to the plaintiff's claim for compensation or rent for the defendants' use of the machine made by the plaintiff and let to the defendants. To answer this, it is not necessary to consider whether the defendants had a right to avoid or terminate the so called lease to them. It is enough to say that they did not do so before the end of the use for which they are sued, and, so far as appears, have not done so to this day. In order to end the lease they were bound to restore to the plaintiff the machine which they held under it. So long as they kept and used the machine they must be taken to have used it under the terms of the instrument by which they got the power to use it from its maker and owner, and by which they were bound to pay at a certain rate. This is the plainer, in view of the notice given to the defendants by the plaintiff.

*Judgment affirmed.*