STANDARD BUTTON FASTENING COMPANY *vs.* CHARLES
ELLIS & another.

Suffolk.    June 1, 1893. — September 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Contract — Lease of Machine — Patent — License — Implied Covenant —
Express Covenant.*

A written instrument, called a "lease," was executed, by which one person "leased"
to another a machine made by himself, at a certain "rent" to be paid by the
latter for each month's use thereof. Letters patent had been granted for a cer-
tain invention embodied therein, and this invention was determined to be an
infringement upon certain other letters patent, and the use of it was enjoined.
*Held,* in an action to recover for the use of the machine, that, so far as the in-
vention was concerned, the so called lease was merely a license.

No covenant for quiet enjoyment is implied in a license to use a patented in-
vention.

By the terms of a written instrument, called a "lease," and the parties to which
were called "lessor" and "lessee," one "leased" to the other a patented ma-
chine made by the former, at a certain "rent" to be paid by the latter for each
month's use thereof; and the general phraseology was such as is usual in leases.
The instrument also provided that " this lease gives only the right to use said
machines, and not the right to make or sell any machine, nor the right to use
any other machines than the ones numbered and described as above "; and that
".the lessee is by this lease authorized to use the said machines only in lessee's
factory in H. aforesaid, but on proper notification of lessee's wish to remove
machine to some other factory of lessee, lessor will authorize the use in such
factory." *Held,* in an action to recover for the use of the machine, that there
was no express covenant for quiet enjoyment of the machine.

CONTRACT to recover for the use of two patented machines,
under a written instrument executed by the plaintiff and the
defendants, by which the plaintiff " leased " to the defendants
two machines made by the plaintiff for fastening buttons upon
boots and shoes, at a certain " rent," to be paid by them for each
month's use thereof. The case was submitted to the Superior
Court, and, after judgment for the plaintiff, to this court, on
appeal, upon agreed facts, the material parts of which appear in
the opinion.

*B. B. Jones,* for the defendants.

*G. E. Smith,* for the plaintiff.

ALLEN, J. The defendants concede that a license to use a
patented article does not import a warranty of the validity of

the patent, and they also concede the right of the plaintiff to recover rent or royalties according to the terms of the leases; but they contend that the plaintiff has broken certain express and implied covenants contained in the leases, and seek to defeat the plaintiff's claim by recouping the damages sustained by the breaches of covenant. The case therefore presents the question whether there has been a breach of any express or implied covenant on the part of the plaintiff. Unless distinguishable on this ground, the case falls within the decision in *Standard Button Fastening Co.* v. *Harney*, 155 Mass. 507, and the defendants' argument rests entirely upon this supposed distinction.

The defendants contend that there was an implied covenant on the part of the plaintiff for quiet enjoyment, and also that the leases contained express covenants to the same effect. There has been no interference with the defendants' physical possession of the machines. No question arises as to an implied warranty of title, so far as the mere physical character or possession of the machines is concerned. But letters patent had been granted for a certain invention embodied therein, and this invention had been determined to be an infringement upon certain other letters patent, and the use of it had been enjoined. The injury complained of by the defendants is the being deprived of the use of this invention.

So far as the invention described in the letters patent is concerned, the so called lease was merely a license. No exclusive rights were granted thereby, and anything short of a grant of exclusive rights is a license. *Gayler* v. *Wilder*, 10 How. 477. *Howe* v. *Wooldredge*, 12 Allen, 18. Robinson on Patents, §§ 763, 806–808, 1224, note. A license imports no warranty that the patent is valid, and no case has been found which holds that a covenant for quiet enjoyment of the right to use the invention is implied. The analogy to a lease of land is not very close. A license to use a patented invention gives permission to make such use so far as the licensor can give such permission; that is, to use it so far as that can be done without infringing other patents. Where a grant of an exclusive right is made, if the exclusive right fails, the consideration of the grant fails. *Harlow* v. *Putnam*, 124 Mass. 553. But where a mere license is given, it is held that there is no failure of consideration till the licensee is actually

prevented from using the invention. *Marston* v. *Swett*, 82 N. Y. 526. *Angier* v. *Eaton*, 98 Penn. St. 594. *Jones* v. *Burnham*, 67 Maine, 93. *Pacific Iron Works* v. *Newhall*, 34 Conn. 67. *White* v. *Lee*, 14 Fed. Rep. 789. *Covell* v. *Bostwick*, 39 Fed. Rep. 421. Robinson on Patents, § 1251. The fact that the license is con- tained in a lease of a machine does not alter its character. No question arises under that portion of the contract between the parties which is properly regarded as a lease. The only ques- tions are in relation to the right granted to use the patented invention. This right is a license, and is quite different in its legal effect from rights under a lease. No covenant for quiet enjoyment is implied in a license to use a patented invention. When the defendants were prevented from using the invention they might have refused to pay further rent or royalties, and given up the use of the machines. They did not, however, do this. They continued to use the machines, and now admit that this makes it their duty to pay the rent. There being no im- plied covenant for quiet enjoyment, this ground of defence fails.

The defendants further contend that such covenant is to be found in the language of the contract or lease. The portions relied on are as follows. In the first place, the instrument is called a lease, and the parties are called lessors and lessees, and the general phraseology is such as is usual in leases. There is also a provision " that this lease gives only the right to use said machines, and not the right to make or sell any machine, nor the right to use any other machines than the ones numbered and described as above." Also, " The lessee is by this lease authorized to use the said machines only in lessee's factory in Haverhill aforesaid, but on proper notification of lessee's wish to remove machine to some other factory of lessee, lessor will author- ize the use in such factory." These words were not designed to increase the obligation of the lessor in respect to warranting the validity of the patent, or covenanting that the lessee should not be disturbed in the use thereof. They were inserted for another purpose, and when taken together had the effect to limit the defendants' rights rather than to increase them. They are to be construed with reference to the general rights which the instru- ment was intended to confer. The lessees became licensees, and the words quoted defined and limited their rights as licensees.

To hold that they amount to a covenant that the licensees should not be disturbed in their use of the invention, would be to add something which is in excess of the ordinary rights of licensees, and which was probably never contemplated by the lessor.

*Judgment on the finding.*