WILFLEY et al. v. NEW STANDARD CONCENTRATOR CO. et al.

(Circuit Court of Appeals, Ninth Circuit. October 12, 1908.)

No. 1,566.

1. CONTRACTS (§ 335*)—ACTION FOR BREACH—SUFFICIENCY OF COMPLAINT.

Under Civ. Code Cal. § 1439, which provides that, before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed on himself, and must be able to, and offer to, fulfill all conditions concurrent so imposed on him on like fulfillment by the other party, a complaint in an action by a licensor under a patent to recover royalties from the licensee does not state a cause of action, where the contract contains a covenant by the plaintiff to protect the licensee from infringements of the patent, and the complaint neither alleges performance nor offers to perform such concurrent condition.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664, 1667, 1668; Dec. Dig. § 335.*]

2. PATENTS (§ 219*)—LICENSE—ACTION TO RECOVER ROYALTIES—DEFENSES.

Where an exclusive license under a patent is coupled with an express covenant by the licensor to protect the exclusive right so granted, a breach of such covenant by the failure to prosecute known infringers of the patent and by licensing others thereunder is sufficient to defeat the recovery of any royalties contracted to be paid by the licensee.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 340; Dec. Dig. § 219.*]

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

The plaintiffs in error sued the defendants in error to recover royalties under a license made on November 21, 1901, authorizing the defendants in error to make and sell concentrating tables under the Wilfley patent, owned and controlled by the plaintiffs in error. The complaint alleged that in consideration of such license the defendants in error agreed to pay the plaintiffs in error

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

certain royalties on the 1st day of each calendar month, and to make reports of the number of tables so made and sold thereunder; that the defendants in error had made and sold a large number of tables under the contract, but had failed to pay royalties or to make reports, with the exception that 56 tables had been reported to have been made between February 10, 1902, and September 11, 1903; and that there were royalties still due on 250 tables, amounting to $18,750. The complaint did not set forth the terms of the contract, nor allege that the plaintiffs in error had upon their part performed the same.

The answer denied indebtedness to the plaintiffs in error and set forth the contract in hæc verba, the substance of which is as follows: It recites that the plaintiffs in error are the owners of certain exclusive rights under letters patent granted to Wilfley on September 28, 1897, and that the defendants in error are the assignees of the patent granted to Luther Look, of date July 16, 1901; that the defendants in error had been notified that their patent infringed certain claims of the Wilfley patent; that on November 5, 1901, a decree had been made by the United States Circuit Court at Denver, establishing the validity of the Wilfley patent, which covers the form of construction used by the defendants in error under the Look patent; that the defendants in error desire to continue to manufacture tables under the Look patent; that the Wilfley patent is prior to and covers the form of construction described in the Look patent. By the terms of the contract the plaintiffs in error acknowledged full settlement and compensation on account of all damages sustained by them prior thereto, by reason of the manufacture and sale of any and all ore-concentrating tables made by the defendants in error under the Look patent, and granted a license to the defendants in error to continue to manufacture such tables in accordance with the specifications of the Look patent, the license to continue during the life of the Wilfley patent, and covenanted that the license should be exclusive, except as to certain specified reservations, in consideration of which the defendants in error agreed to pay a royalty upon all tables made and sold by them for the first two years of $50 for each, and thereafter of $75 for each, and they granted to the plaintiffs in error the right to use and sell a certain improvement in sand pumps used and belonging to the defendants in error. The plaintiffs in error further covenanted at their own expense and cost to take all necessary and reasonable steps to protect the claims of the Wilfley patent, and the rights of the defendants in error thereto, by virtue of the license so granted, and to prosecute infringers thereof. The answer then proceeded to allege in detail the failure of the plaintiffs in error to comply with the covenant to protect the patent and to prosecute the infringers thereof. It alleged that the plaintiffs in error licensed one Woodbury to make and sell tables at a less royalty than that agreed upon in the contract, and that they have permitted the Joshua Hendry Machine Works, the Union Iron Works, Hendry & Bolthoft, the American Engineering Company, and others to infringe the Wilfley patent and the rights of the defendants in error thereunder, and under the said license and contract, and that with the full knowledge of such facts the plaintiffs in error have refused to protect the defendants in error in any manner, or to prosecute said infringers, although often requested so to do, and that such breaches by the plaintiffs in error of such contract have been continuing for three years or more prior to the commencement of the suit.

To these defenses the plaintiffs in error demurred, and the demurrers were overruled. When the case came on for trial the plaintiffs in error introduced in evidence the contract, a copy of which had been set out in the answer, and offered to prove the breaches thereof alleged in the complaint. The defendants in error objected to the introduction of further evidence on the ground that the contract thus admitted by the plaintiffs in error showed that the complaint stated no cause of action, for the reason that it contained no allegation that the plaintiffs in error had on their part performed the contract. Counsel for plaintiffs in error having stated that he proposed to offer no other evidence than the contract itself, and evidence of the breaches of the same as alleged in the complaint, the court sustained the objection and ordered judgment for the defendants in error.

Hodges & Wilson, Henry T. Sale, and George L. Hodges, for plaintiffs in error.

Frederick S. Lyon, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is contended that the Circuit Court erred in overruling the demurrers to the defense alleged in the answer, and in refusing to allow the plaintiffs in error to introduce evidence to prove the breaches of the contract alleged in the complaint. It is argued that the covenant of the defendants in error to pay the stipulated royalties is not conditional, in that it is not expressed as being conditioned upon the performance of the covenant to protect the exclusive rights so granted them, but is absolute in its terms; that the mutual covenants in the contract do not go to the whole of the consideration on both sides; that they are therefore not mutual conditions; and that the covenant to protect the licensee goes only to a part of the consideration, the breach of which may be paid for in damages, and the performance of which need not be pleaded as a condition precedent to the recovery of the stipulated royalties.

We do not so regard the contract. Section 1439 of the Civil Code of California provides that, before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself, and he must be able to, and offer to, fulfill all conditions concurrent so imposed upon him on the like fulfillment by the other party, and section 1437 defines "conditions concurrent" to be "those which are mutually dependent and are to be performed at the same time." Barron v. Frink, 30 Cal. 486, holds that if the contract sued on is executory, and each party has something to perform before the other can be completely in default, the party who seeks to enforce it against the other must aver in his complaint a performance, or tender of performance, or readiness to perform, on his part. In this case there can be no question that the covenant to guard the claims of the Wilfley patent and the rights granted the licensee thereunder, and to prosecute infringers, was a concurrent condition, to be complied with at all times during the life of the license. A license implies that the licensee shall not be evicted from its enjoyment, and such an eviction is a defense to a suit for royalties accruing after it occurred. Walker on Patents (4th Ed.) § 307. In 3 Robinson on Patents, § 1241, it is said:

"A breach of warranty may constitute an entire or partial defense to an action for the purchase money, according to the nature of the broken covenant. The implied warranty of title and the express warranty of validity are of the essence of the contract, and a breach of these relieves the assignee from all his obligations. Other covenants may have the same or a more limited effect, to be determined by the extent to which their nonfulfillment impairs the value of the patent to the assignee. If the infraction is equivalent to a total failure of the consideration for the promise of the assignee to pay the price, or if the price cannot be apportioned between the advantage he receives from the conveyance and that of which he is deprived by the breach of warranty, the action of the assignor must fail."

In Angier v. Eaton, Cole & Burnham Co., 98 Pa. 594, 42 Am. Rep. 624, the court held that the right under such a license was in the nature of a monopoly, and that so long as it was enjoyed by the licensee he was bound to pay the consideration therefor, but that when, by reason of something beyond his control, he was deprived of that exclusive right, there was a failure of consideration. In Edison Elec. Co. v. Thackara Mfg. Co., 167 Pa. 530, 31 Atl. 856, it was held that, where a licensee is enjoying the benefit of a patent, he is bound to pay the stipulated royalty, and cannot set up as a defense the actual invalidity of the patent; but when, in addition to the invalidity of the patent by reason of a prior outstanding patent, it is shown that the owner of the prior patent is asserting his exclusive rights thereunder by supplying the market with the patented article, and the licensee under the invalid patent is deprived of the monopoly for which he contracted, he may defend against an action to recover the royalty on the ground of the failure of consideration. The principle involved in those decisions is applicable to the present case; for, where one who has agreed to pay royalties for an exclusive right under a license is deprived of that right, it is immaterial whether his eviction occurred through the acts of one who had a prior patent for the same improvement, or through the default or act of his licensor in violating a covenant to protect the exclusive rights so granted and to prevent infringement thereof, thereby depriving him of the substance of that for which he contracted to pay royalties.

Cases are cited which hold that if, in the grant of a license to use and vend a patented invention, there is no express covenant that the licensor will protect the licensee from infringement, no such covenant will be implied to defeat the licensor's right to recover the stipulated royalties. McKay v. Smith (C. C.) 39 Fed. 556; National Rubber Co. v. Boston Rubber Shoe Co. (C. C.) 41 Fed. 48; Standard Button Fastening Co. v. Ellis, 159 Mass. 448, 34 N. E. 682. But it is the clear inference to be drawn from these decisions that, if the license is coupled with an express covenant on the part of the licensors to protect the exclusive right so granted, the breach of such covenant is sufficient to defeat recovery.

The license here purported to be an exclusive one. Its very exclusiveness was the substance of the thing granted. It was of the essence of that for which the defendants in error agreed to pay royalties. It was coupled with a covenant to protect the licensees in the exclusive use of the rights so granted. There has been a total breach of that covenant. The licensors, instead of affording the promised protection, have by their own acts in effect reappropriated to their own use that which they granted the licensee. In short, their course was such that the licensee was evicted from the granted right immediately after the execution of the license, and the eviction was continuous until the commencement of the suit. The plaintiffs in error having failed to set up the contract in their complaint, and the defendants in error having pleaded the same according to its terms, and the plaintiffs in error having announced their intention to rest their case on the proof of the contract and evidence of the nonpayment of the royalties, the situation is the same that it would be, had the contract

been set up in full in the complaint. Unless a complaint on such a contract alleges performance of the covenant to protect the granted right, it fails to state a cause of action.

The judgment is affirmed.