EDWARD THOMPSON COMPANY *vs.* H. MURRAY PAKULSKI.

Suffolk.    November 17, 1914. — January 7, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Contract,* Validity, Performance and breach.    *Sale.*

If, at the trial before a judge without a jury of an action for a balance alleged to be due upon the purchase price of certain books, where the defendant contended that the contract of sale was illegal because the plaintiff in publishing the books had infringed upon the copyright held by another publisher, and that they were published in violation of the copyright laws of the United States, the judge finds that the plaintiff had been guilty of such an infringement and violation but refuses to rule that the contract between the plaintiff and the defendant was illegal and finds for the plaintiff, the finding will not be disturbed if it appears that the defendant has not been disturbed in his possession of the books and that, after the sale of the books to the defendant, the owner of the infringed copyright brought a suit for such infringement in a United States court against the plaintiff in this action, and that by agreement and stipulation of the parties to that action a final decree was entered in that suit whereby the plaintiff in this action was absolved upon payment of costs of suit from all liability for the infringement to the owner of the copyright.

CONTRACT, for a balance alleged to be due upon the purchase price of certain law books sold by the plaintiff to the defendant. Writ in the Municipal Court of the City of Boston dated July 1, 1912.

The defendant in an amended answer alleged that the contract of sale was illegal and that there had been a failure of consideration, and in a declaration in set-off claimed the sum of $97.50 which he had paid on account of the purchase price of the books.

On appeal to the Superior Court the case was heard by *Bell,* J., without a jury. The defendant relied upon his answer of illegality, based upon the ground that the American and English Encyclopaedia of Law, second edition, which the plaintiff had sold to him, was an infringement of the works of the West Publishing Company and was printed and published in violation of the copyright laws of the United States.

By agreement of counsel, the case of *West Publishing Co.* v. *Edward Thompson Co.* 184 Fed. Rep. 749, was offered and admitted as evidence, from which the judge "was to consider the

facts, findings and decree therein set forth so far as material."
The defendant also offered in evidence a certified copy of stipulations, agreement of parties and decree entered in that action, from which it appeared by the decree itself that the West Publishing Company and the Edward Thompson Company had entered into an agreement of compromise and settlement whereby it was provided that the defendant's liability for its infringement should be discharged and satisfied, the defendant paying costs. The suit of *West Publishing Co.* v. *Edward Thompson Co.* and the agreement referred to were subsequent to the sale to the defendant in this case.

The defendant offered evidence tending to show that he had offered to return the books to the plaintiff before this action was brought.

The defendant asked for the following rulings:

"1. On all the evidence the court must find that the books sold by the plaintiff to the defendant and for the purchase price of which this action is brought were an infringement of the copyrights of the West Publishing Company.

"2. Upon all the evidence the court must find that the plaintiff's declaration is based upon a claim for the purchase price of books which were printed and published by the plaintiff contrary and in violation of the copyright laws of the United States.

"3. Upon all the evidence the contract made by the plaintiff and the defendant for sale and purchase of the American and English Encyclopaedia of Law (first and second edition) was illegal and the Court will not enforce it and there must be a verdict for the defendant.

"4. Upon all the evidence the contract made by the plaintiff and the defendant was void for illegality upon the part of the plaintiff and judgment must be for the defendant.

"5. Upon all the evidence the contract made by the plaintiff and the defendant was void for illegality upon the part of the plaintiff and the defendant is entitled to judgment for payments made by him under the contract.

"6. Upon all the evidence judgment must be entered for the defendant.

"7. Upon all the evidence there must be judgment entered for the defendant on his declaration in set off.

"8. Upon all the evidence the plaintiff has put it out of his power to complete the sale of the American and English Encyclopaedia of Law, by giving title to the defendant and therefore the consideration of the contract has failed.

"9. The sale of an article which is an infringement of a copyright, secured by a third person, is illegal and therefore void."

The judge gave the first and second rulings, refused the others, and found for the plaintiff in the sum of $208. The defendant alleged exceptions.

*W. Hartstone,* for the defendant.

*P. Glunts,* for the plaintiff.

CROSBY, J. This is an action of contract on an account annexed to recover a balance claimed to be due for books sold and delivered.

Aside from two volumes, the books so sold and delivered consisted of the second edition of the American and English Encyclopaedia of Law. The sale was made in 1908, and the defendant admits that he received the books; it also appears that he has made certain payments on the purchase price.

The only question presented is whether the defendant is relieved from liability upon his contract by reason of the decision in the case of *West Publishing Co.* v. *Edward Thompson Co.* 184 Fed. Rep. 749. The bill of exceptions recites that it was agreed by counsel that this case "was offered and admitted as evidence, from which the court was to consider the facts, findings and decree therein set forth so far as material."

At the trial before a judge of the Superior Court without a jury it further appeared that "the defendant also offered in evidence a certified copy in due form of stipulations, agreement of parties and decree entered in said action of *West Publishing Co.* v. *Edward Thompson Co.* in support of his defence of illegality."

The suit brought by the West Publishing Company against the defendant (the plaintiff in this case) arose out of the alleged infringement by the defendant of the plaintiff's copyright in the printing and sale of the American and English Encyclopaedia of Law, second edition.

By reason of the first and second rulings made by the presiding judge, it must be assumed that the books printed and sold by the plaintiff to the defendant were an infringement of the copyrights of the West Publishing Company, and in violation of the copy-

right laws of the United States. Under the decree entered in the above mentioned case it is recited that the parties "had entered into an agreement of compromise and settlement whereby it was provided that the defendant's liability for its said infringement . . . shall be discharged and satisfied, the defendant paying costs, and the decree was in accordance with this settlement." This suit was brought and the agreement referred to was subsequent to the sale to the defendant in this case.

The decree above referred to does not expressly mention the contracts entered into by the defendant for the sale of the American and English Encyclopaedia of Law, second edition. The effect of the decree, however, was to compromise and settle all liability of the defendant (the plaintiff in this case) for the infringement. *Consumers' Gas Co. of Danville* v. *American Electric Construction Co. Ltd.* 50 Fed. Rep. 778, 780.

As the terms of the stipulations and agreement of parties which were in evidence before the judge of the Superior Court are not before us, we cannot say that under the decree and the other evidence the court was not warranted in finding for the plaintiff. He may have found that the settlement between the parties under the decree and agreements entered into by them gave the Edward Thompson Company the right to have the benefit of contracts for the sale of books previously entered into by it. If so, the West Publishing Company could have been found to have ratified and confirmed such contracts.

The defendant in the case at bar has not been disturbed in his physical possession of the books, and in view of the finding of the judge of the Superior Court we see no reason why he should not pay the balance due in accordance with the terms of the contract. See *Potterton* v. *Condit*, 218 Mass. 216; *Standard Button Fastening Co.* v. *Harney*, 155 Mass. 507; *Standard Button Fastening Co.* v. *Ellis*, 159 Mass. 448.

It follows that none of the requests which were refused could have been given.

*Exceptions overruled.*