### HELM v. AMERICAN HAWAIIAN S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922. Rehearing Denied May 8, 1922.)

#### No. 3675.

Shipping ☞58(2)—In action for breach of agreement for a charter, plaintiff held required to prove ability and readiness to perform.

Under a contract for the charter by defendant to plaintiff of a steamship, requiring plaintiff to give a satisfactory guaranty for the amount of the hire money, defendant presented to plaintiff for signature a charter party containing a guaranty not in accord with the contract, for which reason plaintiff refused to sign it, and on the next day defendant canceled the contract. *Held*, in an action for breach of the contract, that to entitle plaintiff to recover it was incumbent on him to prove that he was ready, able, and willing to perform the contract on his part, including the giving of the guaranty provided for therein.

Ross, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Frank H. Rudkin, Judge.

Action at law by Frank P. Helm against the American Hawaiian Steamship Company. Judgment for defendant, and plaintiff brings error. Affirmed.

On February 28, 1916, the plaintiff and the defendant entered into an agreement for a charter from defendant to plaintiff of the steamer Floridian at $115,000 per month for two round trips to the Orient, delivery and redelivery at San Francisco. The agreement contained this provision: "This charter all subject to satisfactory guaranty to the owners for the amount of hire money for the two round trips." The plaintiff, in suing for damages for alleged

breach of the contract, set forth that on March 3, 1916, the defendant repudiated the contract and refused to place the vessel at the plaintiff's disposal, that the plaintiff was at all times able, ready, and willing to, and then and there offered to, perform all the conditions in said contract on his part to be performed. The defendant's answer denied the plaintiff's allegation of readiness and ability to perform, and offer to perform, and alleged that on March 1 and later the plaintiff stated to the defendant that he was unable and unwilling to furnish to it any guaranty for the hire money of the two round trips of the steamer; that he never at any time did tender to the defendant a satisfactory, or any, guaranty for the hire money of the two round trips, but refused to furnish the same, by reason of which facts the agreement was canceled with the plaintiff's consent and acquiescence. The jury returned a verdict for the defendant.

Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for plaintiff in error.

Andros & Hengstler and Goodfellow, Eells, Moore & Orrick, all of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). On the trial, instead of proving the allegations of his complaint, that he was at all times able, ready, and willing to perform, and offered to perform, the plaintiff's own testimony showed conclusively, not only that he wholly failed to furnish or offer to furnish the guaranty, but that he did not regard the contract as requiring him to furnish a guaranty in the sum of $525,000, which sum he admitted to be "the amount of the hire money for the two round trips." The evidence showed that what the plaintiff was proposing to do in compliance with his contract to furnish a satisfactory guaranty was to obtain from prospective shippers contracts for shipment of freight on the steamer, and by means of such contracts to obtain for the defendant an indemnity bond from a guaranty company in the sum of $120,000, and to raise cash sufficient to place in escrow for the defendant $115,000, a sum equal to one month's charter hire. It was in evidence that on March 2, 1916, the defendant presented to the plaintiff for signature a charter party, in which was set forth a guaranty to pay the defendant any sums that might be found due it "from charter party from any cause whatsoever arising under the within charter," and that the charter party was rejected by the plaintiff for the reason that "it was not in accord with the contract."

In instructing the jury the court charged as a matter of law that the form of guaranty submitted to the plaintiff was more burdensome than the guaranty provided for in the original contract of the parties, and that the plaintiff was under no obligation to execute it. The court said:

"If you find from a preponderance of the testimony that the plaintiff objected to the form of guaranty when presented to him, and pointed out his objections thereto, and that the defendant insisted upon that particular form of guaranty, and canceled the contract because such form of guaranty was not executed, then in that case I charge you as a matter of law that defendant breached the contract, and the plaintiff is entitled to recover, provided you further find that he was at all times ready, able, and willing to perform the contract on his part. * * * It is incumbent upon the plaintiff to show that he was ready, able, and willing to perform his part of the contract, or

more especially to give the guaranty provided for. If he has failed to establish that fact to your satisfaction by a preponderance of the testimony he cannot recover, because in contemplation of law he suffered no injury."

The plaintiff assigns error to that portion of the instructions so given in which the jury were charged that, in order that the plaintiff might recover, they must find that he was ready and willing to perform the contract, and that it was incumbent upon him to show that he was thus ready, able, and willing. It is contended that by those portions of the instructions the court erroneously shifted to the plaintiff the burden of proof which rested upon the defendant to prove the plaintiff's inability to perform. But the burden of proof was upon the plaintiff to show his damages. There could be no damage to him from the breach of the contract, unless he was ready, willing, and able to perform upon his part. He recognized that fact in drawing his complaint wherein he alleged his ability and readiness to perform. He wholly failed to prove a tender of a guaranty within the terms of the contract, or to prove his ability to furnish such a guaranty. We find no error, therefore, in the instructions. Wilfley v. New Standard Concentrator Co., 164 Fed. 421, 90 C. C. A. 543; Douglas v. Hustead, 216 Pa. 292, 65 Atl. 670; Mulford v. Central Life Assur. Society, 25 Colo. App. 527, 139 Pac. 1044.

Error is assigned to the refusal of the plaintiff's requested instruction that the defendant was bound by the reasons stated in its notice of cancellation of date March 3, 1916, and could not be heard to claim that it had canceled the contract for the reason that the plaintiff had notified it that he could not comply with the contract, and it is argued that the reason so given for canceling the contract was inconsistent with the defendant's contention that the plaintiff was unable to perform the same, citing the rule that, where a party gives a reason for his conduct touching any matter involved in controversy, he cannot, after litigation is begun, change his ground and put his conduct upon another and different consideration. But we find no such inconsistency in the record. The letter of cancellation of March 3 stated:

"The proposed charterer having failed to comply with conditions within a reasonable time, which time had been extended until 4:30 p. m. to-day, we beg to notify you that our agreement to charter is hereby canceled."

The cancellation notice was not placed upon the ground of the plaintiff's refusal to sign a proffered charter party, but upon the ground of his failure to comply with the contract within a reasonable time. We find no error.

The judgment is affirmed.

ROSS, Circuit Judge (dissenting). For several reasons I am unable to agree to the judgment given in this case. As shown in the statement of the case by the court, the agreement entered into between these parties on February 28, 1916, for a charter of the steamer Floridian for two round trips to the Orient, provided that such charter should be "subject to satisfactory guaranty to the owners for the amount of hire money for the two round trips." The evidence showed that a few days thereafter—March 2—the defendant presented to the

plaintiff for his signature a charter party obligating him to pay the defendant any sums that might be found due "from any cause whatsoever arising under" the charter, and that upon the plaintiff's refusal to sign such instrument, for the reason that "it was not in accord with the contract," the defendant proceeded in effect to cancel the contract.

In my opinion the plaintiff was clearly justified in refusing to sign the charter party tendered by the defendant, and so the learned judge of the court below expressly instructed the jury. Breach of the contract was therefore committed by the defendant. At no time prior to that breach was the plaintiff, so far as appears, in default, for the charter party *contemplated* by the contract had not been tendered. It seems to me, therefore, that the case comes clearly within the exception made by section 1440 of the Civil Code of California to its next preceding section. Those sections are as follows:

"Sec. 1439. Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself; and must be able and offer to fulfill all conditions concurrent so imposed upon him on the like fulfillment by the other party, except as provided by the next section.

"Sec. 1440. If a party to an obligation gives notice to another, before the latter is in default, that he will not perform the same upon his part, and does not retract such notice before the time at which performance upon his part is due, such other party is entitled to enforce the obligation without previously performing or offering to perform any conditions upon his part in favor of the former party."

This instruction was, among others, given to the jury by the judge of the court below, and was excepted to, and is assigned as error:

"I have already charged you that it is incumbent upon the plaintiff to show that he was ready, able, and willing to perform his part of the contract, or more especially to give the guaranty provided for. If he has failed to establish that fact to your satisfaction by a preponderance of the testimony, he cannot recover, because in contemplation of law he has suffered no injury."

In Gray v. Smith et al., 83 Fed. 824, 829, 28 C. C. A. 168, 172, this court held that:

"Where the vendor of property, before the arrival of the time for the completion of his contract of sale or conveyance, disables himself from performing by disposing of the property to another, the purchaser may at once bring his action, and he need not aver or prove tender of the purchase money upon his part, nor his ability to carry out the contract; and, where either party to a contract gives notice to the other that he will not comply with its terms, the other is excused from averring or proving a tender of performance. But, in any case of action upon a contract, the elements of the plaintiff's damage must be certain, and the facts must exist from which it may be deduced that he has suffered loss"

—the question of damage, it may be added, being a matter of fact to be shown by appropriate evidence. The general principle is, says Wharton on Contracts, § 995:

"That a party cannot defend himself on the ground of the nonperformance on the other side of conditions whose performance he had already notified the other party would have been nugatory. If he declares himself not bound by the contract, he cannot set up failure in either demand or tender."

See also Hills v. Exchange Bank, 105 U. S. 321, 26 L. Ed. 1052.

I understand it to be well settled law that at least nominal damages will be presumed from the breach of a contract. In Sedgwick on Damages (9th Ed.) § 97, it is said:

"Wherever the breach of an agreement or the invasion of a right is established, the English law infers some damage to the plaintiff, and, if no evidence is given of any particular amount of loss, it declares the right by what it terms nominal damages. * * * 'Every injury,' said Lord Holt, 'imports a damage.'"

And in section 106 of the same volume the author says:

"The same principle in regard to contracts, as well as invasion of rights in general, has been recognized in this country. Therefore, where a contract has been broken, and no damage has been suffered or proved, the plaintiff is entitled to nominal damages; and his case cannot be withdrawn from the jury because no damages are proved, or dismissed on demurrer because none are claimed."

Under the instruction above quoted, given by the trial court, the jury was bound to return a verdict in favor of the defendant in the event they found the plaintiff had not proved substantial damages, thus throwing the costs of the action on the plaintiff.

In view of the decision of the court, it is unnecessary to here say anything regarding the contention of the plaintiff in error that proffered testimony bearing on the question of damages was improperly excluded on the trial.