[Civ. No. 4546.   Third Appellate District.—April 19, 1932.]

SCHUMACHER WALL BOARD CORPORATION (a Corporation), Appellant, v. BUTTONLATH MANUFACTURING COMPANY (a Corporation), Respondent.

Euler & Subith for Appellant.

Lawler & Degnan for Respondent.

ANDERSON, J., *pro tem.*—This is a case where the plaintiff sued the defendant for the sum of practically $9,000, claimed to be due under a license agreement. The suit is defended on the ground that the plaintiff violated the agreement. Plaintiff admitted the violation, but claimed the violation was not material. The court decided that it was material, and gave judgment to defendant for costs.

The questions, whether the violation was material, and whether defendant could be charged with an implied waiver, are the principal questions to be determined on this appeal.

The case was ably and carefully tried. The agreement was made to settle certain litigation which had been heard in the federal court.

The superior court has decided that the violation is material, and we can see no reason to declare the finding wrong. Considered in terms of money, it is indisputable to say that if a man must pay $10,000 for something that another obtains for nothing, the man who pays must lose something, and that is certainly material to the majority of people.

The situation was summarized by the trial judge as follows, and we think it is sound:

"Assuming, as we must, that the local cost of manufacture would be about the same, the licensee, who (like the defendant) could not manufacture or sell the product except upon the payment of one cent (1c) per square yard, with a minimum guaranty of ten thousand ($10,000) dollars royalty annually, would at once be placed at a disadvantage by other licensees competing with him in the same territory, who could manufacture and sell the same product without the payment of any royalty. This fact would flow from the very nature of things and by the economic laws of production and distribution. And it cannot be assumed that persons who undertake to manufacture and market a product for profit would willingly place themselves at such a disadvantage.

"Waiving, therefore, aside the fact that in reality (as the testimony shows) the defendant could not, during the year 1928 and while the Klinchlath Corporation was competing with it, sell, except at a loss, the conclusion is inevitable that the agreement to pay the guaranteed yearly royalty is de-

pendent upon the undertaking on the part of the plaintiff's predecessors not to issue a license within the territory of the defendant, except upon the same terms, as to royalty, contained in their contract.''

In support of the judgment, we cite the following authorities: *Wilfley* v. *New Standard Concentrator Co.*, 164 Fed. 421 [90 C. C. A. 543]; *Angier* v. *Eaton*, 98 Pa. 594; *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.*, 226 N. Y. 313 [123 N. E. 766]; *Dunham* v. *Petlee*, 8 N. Y. 508; *Morris* v. *Sliter*, 1 Denio (N. Y.), 59; *Oakley* v. *Morton*, 11 N. Y. 25 [62 Am Dec. 49]; *Massie* v. *Asbestos Brake Co.*, 95 N. J. Eq. 298 [126 Atl. 669].

█ There was some contention that the defendant was required to show the amount of damage the defendant suffered, but this was not necessary in order to determine the materiality of the breach. Defendant could waive the claim. It is clear there is evidence that there was damage suffered.

█ Also, it is claimed that there should be some allegation of fraud, as well as proof and findings of fraud, but we do not see that this is necessary. The finding that the violation was material was alone indispensable.

█ Appellant is quite insistent that respondent impliedly waived its right to claim the breach. An examination of the transcript, together with the explanation given by respondent in its brief, explains satisfactorily that there was not a waiver.

█ Reversible error is claimed because the court refused the testimony of Joseph E. Schumacher, but this is all explained away by respondent's brief. To have allowed this testimony would have injected confusion in the record in the matter which was already clear and unambiguous, to wit, the terms of a written instrument.

We think we have answered all of the objections to the judgment, and while we appreciate the great industry exhibited by appellant, we think the judgment should be affirmed.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.