[Civ. No. 5439. Third Appellate District.—January 17, 1936.]

WILLIAM I. BETTIS, Respondent, v. C. L. PATTERSON et al., Appellants.

Lyon & Lyon, Frederick S. Lyon and R. E. Caughey for Appellants.

A. E. McManus for Respondent.

JAMISON, J., *pro tem.* — Plaintiff was the owner and patentee of a well-casing protector, and on December 2, 1927, he entered into a contract with defendants, Patterson and Ballagh, by the terms of which he granted to them the exclusive license to manufacture, use, and sell said patented article. Thereafter, in 1928, the said Patterson and Ballagh sold, assigned and transferred all their rights as licensees under said contract to defendant Patterson-Ballagh, a corporation. It was provided by said contract that defendants should report to plaintiff on the 25th day of each month for all casing protectors sold and delivered by them during the preceding month, and pay to plaintiff on the 25th of each month a royalty on all well-casing protectors sold and delivered by said licensees during the preceding month. Defendants failed to report on the 25th day of April, 1933, for the sales and deliveries of said well-casing protectors for the month of March, 1933, or to pay to plaintiff the said royalty due him for said sales and deliveries for that period.

By the terms of said contract, failure to make such report and payment thirty days after receipt of written notice of default terminated the said agreement. On April 28, 1933, plaintiff gave defendants written notice of default, and thereafter, on the 31st day of May (the thirty days having expired), he notified said defendants that said contract, by reason of said default, had terminated, and that they must cease to operate under the said license, it being provided by said contract that time was the essence thereof.

Thereafter, defendants, continuing to manufacture and sell said well-casing protectors, and failing to report to plaintiff and account to him for his royalties, he commenced this action. Judgment was rendered for plaintiff annulling said agreement and enjoining said defendants from continuing to

operate thereunder. From this judgment defendants have appealed.

Appellants contend that other persons, firms and corporations have been engaged in the manufacture and sale of the well-casing protectors covered by the said patent, and by reason of said infringements appellants have suffered damage, and that by the terms of the contract it was the duty of the respondent to protect them from such infringements. That respondent conveyed to them a monopoly in the manufacture and sale of said well-casing protectors, and guaranteed that they should enjoy such monopoly during the life of the patent, and that having failed to do this, breached the contract and is liable to appellants for all damages thereby caused.

Said contract provides that should the appellants be sued for the infringement of any patent, due to the manufacture by them of said invention, then and in that event respondent agrees that he will defend said action at his own cost, but should appellants desire to bring suit against any infringer of said patent, then in that event respondent agrees that the suit may be brought in his name, and he agrees to assist, in all reasonable ways, in the prosecution thereof, at the cost of appellants. In other words, if the validity of the patent is attacked, he will defend, at his own cost. On the other hand, if there is an infringement, he will permit appellants to bring suit in his name against those infringing, and agrees to assist in its prosecution. It is true he grants them the exclusive right to manufacture and sell the patented article, but he does not agree that he will protect appellants against infringements. The language of the contract negatives any theory that respondent would himself commence suit to stop infringement on the patent. It is only where the validity of the patent is involved that he is required to act. He grants them the exclusive license to manufacture and sell the said invention, and there is no evidence that he consented to, permitted or connived at the manufacture or sale of same by any other person.

The law seems to be well settled that if, in the granting of a license to use or vend a patented invention, there is no express covenant that the licensor will protect the licensee from infringement, no such covenant can be implied to defeat the licensor's right to recover the stipulated royalties. (*Wilfley* v. *New Standard Concentrator Co.*, 164 Fed. 421; *National*

*Rubber Co.* v. *Boston Rubber Shoe Co.*, 41 Fed. 48; *McKay* v. *Smith*, 39 Fed. 556.)

As the contract contains no covenant, express or otherwise, to protect appellant against infringements, except where the validity of the said patent is involved, and no question of the validity of said patent is involved in this action, no duty rested upon respondent to stop any of the infringements relied on by appellants; and his failure to do so did not justify appellants in failing or refusing to make the reports or make the payments provided for in the contract.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.