## WILCOLATOR CO. v. ROBERTSHAW THERMOSTAT CO.

### No. 8911.

District Court, W. D. Pennsylvania.

Jan. 4, 1939.

256

Dean S. Edmonds (of Pennie, Davis, Marvin & Edmonds) and Charles W. Riley, both of New York City, and Charles Denby, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for plaintiff.

Robert W. Smith, of Greensburg, Pa., and George E. Stebbins, William H. Webb, and Stebbins, Blenko & Parmelee, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The plaintiff seeks to recover royalties which it alleges are due under a patent license agreement. In the agreement defendant was authorized to use Patent No. 1,-978,362, and applications for patents Nos. 575,525 and 650,255. The patent and applications relate to a thermostatic regulator of the hydraulic type.

The defendant admits the agreement, and that it has been, and still is, making thermostats covered by the patent and applications and marking them as so covered, but denies liability under the terms of the agreement. Upon trial it advanced defenses under three paragraphs of the license contract. First, it asserted that paragraph 15 relieved it from the payment of royalties if· the patent and applications were ineffective to suppress unlicensed competition with Wilcolator and Robertshaw in thermostatic regulators of the hydraulic type, and that substantial unlicensed competition has continued to exist from the execution of the agreement to date. Second, defendant denied liability because plaintiff, it contended, had violated the fourth paragraph of the agreement by selling regulators at less than the prices fixed by it for itself and its licensees. And third, defendant further asserts, plaintiff breached the agreement by failing to prosecute suits for infringement

of the patents, and thus is precluded from recovery of royalties.

As stated, the first ground of defense is based on Section 15 of the agreement.

The defendant interprets this section as relieving it of the payment of royalties if and so long as any unlicensed competition exists. We do not so construe it. The section is headed: "Litigation Limiting the Protection of the Licensed Patents." This plainly discloses its general scope. An issued patent does not become ineffective to suppress infringement until it has been declared invalid by the judgment of a court of proper jurisdiction. This section goes beyond the last proposition and substantially declares that the patent is not to be considered ineffective until declared invalid by an appellate court, if appeal thereto be filed in due time. The sixth section of the agreement, and not the fifteenth, is the section which defines the rights of the licensee and the duties of the licensor in respect to infringement. That section will be discussed in the consideration of the third contention of the defendant.

The second defense is based upon the charge that plaintiff violated the terms of the agreement by selling thermostats at prices less than those fixed as minimum pursuant to the agreement. This defense was not advanced prior to the institution of suit, and plaintiff contends that therefore defendant is now estopped from asserting it. The soundness of this contention in the instant case is doubtful, as the testimony does not satisfactorily show that defendant had definate knowledge, or should have had such knowledge, prior to suit, of the transactions concerning which it now complains. But if not barred from the presentation of this matter of defense by failure to assert it prior to the institution of action, it is estopped, we think, by its failure to act in another respect. In passing, however, it may be said that the evidence discloses no wilful or extensive cutting of prices with intent to injure defendant thereby. The bar to this charge of price-cutting as a defense, and likewise to the alleged failure of plaintiff to bring actions against infringers, is presented by the fact that defendant, from the first demand for royalties by plaintiff to date, has continued to manufacture, mark and sell thermostats as under plaintiff's patent and applications. So long as defendant accepted the shelter of the agreement, it was required to pay the royalties. To avail itself of any breach by the licensor it was compelled to repudiate the agreement. See Kant-Skore Piston Co. v. Sinclair Mfg. Corporation, 6 Cir., 32 F.2d 882.

The third defense urged by defendant is based upon the sixth paragraph of the agreement. That section contains the agreement of Wilcolator "that it will, at its own expense, bring and diligently prosecute such suits for infringement of the patents under which license is hereby granted as may, in its judgment be reasonably necessary and prudent for suppressing unlicensed competition." It was further provided in the section that at any time after the issuance of patents upon applications Nos. 575,525 and 650,255, or after one year from the date of the agreement (August 16, 1935), Robertshaw may request that suit be brought by Wilcolator against any infringer whose infringement has substantially affected the business of Robertshaw, and if Wilcolator fails to bring such suit within three months after such request accompanied by proof of infringement, Robertshaw shall be relieved from its obligation to pay royalties until the suit be brought.

The testimony discloses no request by defendant upon plaintiff that suit be brought against any infringer, nor proof that plaintiff had wilfully failed to comply with the terms of the section. It will be noted that the only provision in the section which authorizes non-payment of royalties is that part which relates to the time intervening between the day three months after the request to bring action against an infringer and the time when such suit is brought. In such period no royalties are to be paid, but if no request for suit is made royalties continue unless the licensee for proper cause declare the agreement at an end and refrain from marking its thermostats as made under the patents.

As to this third defense the defendant is doubly estopped. First, because of waiver of any breach of the agreement by plaintiff by continuing to hold out its regulators as manufactured under the patent and applications, and second, by "mending its hold". Defendant never based its refusal to pay royalties upon failure of plaintiff to bring suits against infringers.

The only defenses to plaintiff's claim advanced at trial were the three discussed supra. Not finding proper foundation for any one of them, the court is required to enter judgment in favor of the plaintiff.