**SPECIALTIES DEVELOPMENT CORPORATION v. C–O–TWO FIRE EQUIPMENT CO.**

**Civ. No. 10265.**

United States District Court
D. New Jersey.

May 16, 1949.

J. Branton Wallace, Belleville, N. J., for plaintiff.

Pitney, Hardin & Ward, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action in which the plaintiff seeks to compel the defendant to account for royalties alleged to be due under a certain license agreement. The action is before the Court at this time on a motion for summary judgment filed by the plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The present motion rests solely on the pleadings, the affidavit of one J. William Carson, and the license agreement.

The plaintiff, owner of two United States patents and three Canadian patents, granted to the defendant a license "in and for the United States of America, * * *, to make, sell and use the inventions set forth in said United States" patents and "in and for the Dominion of Canada, to make, sell and use the invention set forth in said Canadian" patents. This license was exclusive "except as to licensor and except as otherwise provided in Article 9" of the contract.

The license agreement contains twenty-six clauses, but the only clause pertinent at this time is the following: "Licensor shall enforce the patents hereby licensed against all infringements but shall not be called upon to conduct more than one suit at a time on either patent." The principal defense urged by the defendant rests on this clause.

The essential allegations of the complaint are not in dispute, but it is urged by the defendant that the plaintiff has breached the provision hereinabove quoted. The defendant alleges in its answer that the plain-

tiff has failed to enforce the patents against infringements by the Randolph Laboratories, Inc., within the Dominion of Canada. This allegation is admitted by the plaintiff, who urges that it is no defense to the present action.

It is argued by the plaintiff in support of the present motion: first, that the institution of a suit for infringement against the Randolph Laboratories, Inc., (a suit brought by the latter under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202) in the District of New Jersey is in compliance with the quoted provision; and second, the failure of the plaintiff to bring a similar suit in the Dominion of Canada does not relieve the defendant of the obligation to pay royalties due under the contract. We cannot agree with either argument.

 The license agreement is not free of ambiguity, but it is our opinion that the quoted provision requires the plaintiff to enforce not only the United States patents but the Canadian patents. The entry of a judgment in the action pending in this district, in which only one of the United States patents is in suit, cannot be regarded as an enforcement of the Canadian patents; such a judgment would not be conclusive on the issues of validity and infringement raised in a suit on the Canadian patents in the courts of the Dominion of Canada. The fact that the patents may cover identical inventions, and as to these there is no evidence before the Court, will not lead to a different result. The scope of the patent monopoly under the letters patent of the respective countries is coextensive only with its territorial limits. See Dowagiac Mfg. Co. v. Minnesota Moline Plow Co., 235 U.S. 641, 650, 35 S.Ct. 221, 59 L.Ed. 398; In Re Amtorg Trading Corporation, 75 F.2d 826, 831, 22 C.C.P.A., Customs, 558.

 It is our opinion that the first affirmative defense, if sustained by sufficient proof of infringement in the Dominion of Canada and of the plaintiff's failure to enforce the patent against the infringer, will preclude the recovery of royalties. It has been so held by the highest court of this

State. Massie v. Asbestos Brake Co., 96 N.J.Eq. 612, 126 A. 669; see also Penley Bros. Co. v. Hall, 1 Cir., 84 F.2d 371, 374; Wilfley v. New Standard Concentrator Co., 9 Cir., 164 F. 421, 424. The determination of the issue raised by this defense must, therefore, await the trial of the cause on the merits.*

The motion for summary judgment is denied.

---

* We note a possible conflict of laws which we cannot consider at this time. There is no evidence before the Court as to the place of the contract.