### SPECIALTIES DEVELOPMENT CORP. v. C–0–TWO FIRE EQUIP-MENT CO.

Civ. No. 10265.

United States District Court. Third District. New Jersey.

Feb. 9, 1953.

J. Branton Wallace, Basking Ridge, N. J. (Darby & Darby, New York City, of counsel), for plaintiff.

Pitney, Hardin & Ward, Newark, N. J. (R. Morton Adams, New York City, of counsel), for defendant.

SMITH, District Judge.

This is a civil action in which the plaintiff seeks to compel the defendant to account for royalties alleged to be due for the years 1946 to 1949, inclusive, under a certain license agreement. The defendant admits that the royalties were not paid but defends the action on the ground that the agreement was breached by the plaintiff. The questions here raised are primarily questions of law; there is some conflict in the testimony but there is no serious dispute as to the material facts.

Facts

I.

The original agreement upon which this action is predicated was one between Walter Kidde Company, Inc., a New York corporation, and C-O-Two Fire Equipment Company, a California corporation, and was executed and delivered in New York on August 24, 1932. Thereafter the plaintiff succeeded to the rights and obligations of the Walter Kidde Company, Inc., and the defendant succeeded to the rights and obligations of the C-O-Two Fire Equipment Company. We shall hereinafter regard the contract as one between the plaintiff and the defendant.

II.

The plaintiff was the owner of the United States Minor Patent No. 1,760,274 [1] and Canadian Minor Patent 310,417. Each of these patents covered the same invention, to wit, a portable carbon dioxide fire extinguisher, therein defined as a combination. The Canadian patent issued April 14, 1931 and expired April 14, 1949. The claim of the plaintiff is here limited to the royalties which became due from the defendant upon the sales of the invention of the Canadian patent in the Dominion of Canada.

III.

The plaintiff granted to the defendant an "exclusive" license, subject to certain exceptions enumerated in the agreement, "in and for the United States of America,

---

[1]. The United States Minor Patent was adjudged invalid in 1949. Randolph Laboratories v. Specialties Development Corp., D.C., 82 F.Supp. 316, affirmed 3 Cir., 178 F.2d 477, certiorari denied ''39 U.S. 952, 70 S.Ct. 840, 94 L.Ed. 1365.

* * *, to make, sell and use the inventions set forth in said United States" patent and "in and for the Dominion of Canada, to make, sell and use the invention set forth in said Canadian" patent. It should be noted, however, that the grant included the right to manufacture, sell and use other inventions defined in several other specified patents. The plaintiff agreed, among other things, to "enforce the patents * * * licensed against all infringements," but further agreed to conduct no more than "one suit at a time on either patent." The principal defense urged by the defendant rests on the alleged breach of this condition.

## IV.

The pertinent provisions of the agreement follow:

### A.

"Upon the terms and conditions hereinafter set forth, Licensor hereby grants to Licensee a license, which shall be exclusive except as to Licensor and except as otherwise provided in Article 9 hereof, in and for the United States of America, * *, to make, sell and use the inventions set forth in said United States Rustige and Minor patents and in and for the Dominion of Canada, to make, sell and use the invention set forth in said Canadian Rustige, Hiss and Minor patents, * * *." (Article 1).

### B.

"Licensor shall enforce the patents hereby licensed against all infringements but shall not be called upon to conduct more than one suit at a time on either patent." (Article 17).

### C.

The agreement made provision for the payment of royalties on terms and conditions therein stated, and the maintenance of prices in conformity with schedules promulgated by the plaintiff. These provisions are not particularly pertinent to the issue now before the Court, and we therefore see no reason to quote them.

## V.

It is admitted by the plaintiff that the United States Minor Patent was infringed by Randolph Laboratories, a manufacturer of carbon dioxide fire extinguishers in which the elements of the invention were incorporated. These extinguishers were sold in the Dominion of Canada by the Provincial Automotive Trading Co., Ltd., and other distributors, in the years of 1946 to 1949, inclusive. The evidence before the Court clearly indicates that these extinguishers were extensively advertised and sold in the Province of Ontario. It is conceded that the sale of the Randolph extinguishers in the Dominion of Canada was an infringement of the Canadian Minor Patent.

## VI.

The plaintiff admits that it took no action to enforce the Canadian Patent, but endeavors to excuse itself on the ground that it had no knowledge of the infringement in the Dominion of Canada. The evidence before the Court, however, clearly indicates that the defendant and other licensees complained to the executives of the plaintiff that Randolph Laboratories were engaged in the manufacture and sale of an extinguisher which infringed the patents. While it may be true, as the plaintiff argues, that there was no specific reference made to the infringements in the Dominion of Canada, it seems reasonable to infer that the plaintiff had full knowledge of Randolph's activities. However, even if we assume that it did not have knowledge of the infringements in the Dominion of Canada prior to June 6, 1947, when the present action was commenced, it surely acquired such knowledge soon after June 12, 1947, when the defendant filed its answer herein. Notwithstanding the knowledge thus acquired, the plaintiff took no action thereafter to enforce the Canadian patent; its failure to take appropriate action to enjoin the infringement was a material breach of the license agreement.

## VII.

The rights of the defendant under the license agreement were impaired by the competition of infringers, but it nevertheless fully availed itself of a right it would not have had except for the license agreement, to wit, the right to manufacture, use and sell the invention. The defendant,

with full knowledge of the plaintiff's breach, continued under the license agreement to sell carbon dioxide fire extinguishers in the Dominion of Canada in the years 1946 to 1949, inclusive, but refused to pay royalties. The conduct of the defendant was a waiver of the plaintiff's breach and an acceptance of partial performance.

## VIII.

The Randolph Laboratories, Inc., brought suit against the Specialties Development Corporation, the plaintiff herein, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, on April 30, 1945. The plaintiff in this action filed a counterclaim therein in which it charged Randolph Laboratories, Inc., with the infringement of the United States patents enumerated in the license agreement. This suit has been concluded and a judgment has been entered therein.

## Discussion

■ The license agreement was executed and delivered in the State of New York and the law of that State is therefore determinative of the rights and liabilities of the parties to this litigation. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Hinkly v. Freick, 86 N.J.L. 281, 90 A. 1108, L.R.A. 1916B, 1041; Mayer v. Roche, 77 N.J.L. 681, 75 A. 235, 26 L.R.A.,N.S., 763. We therefore base our decision primarily on the principles enunciated by the Court of Appeals in the case of Rosenthal Paper Co. v. National Folding Box & Paper Co., 226 N.Y. 313, 123 N.E. 766. The cited case is distinguishable on its facts, but in our opinion its principles are applicable here.

■ The right of the defendant to manufacture, use and sell the invention of the patent was conditioned upon the payment of royalties, but its obligation to pay royalties was conditioned upon the performance by the plaintiff of the obligation to enforce the patent "against all infringements." The agreement of the former to pay royalties and the agreement of the latter to enforce the patent were reciprocal and dependent. This conclusion is supported by the case of Rosenthal Paper Co. v. National Folding Box & Paper Co., supra.

■ The rule of construction which must be applied is therein stated, 226 N.Y. at page 320, 123 N.E. at page 768, as follows: "Parties have the right to contract as they will for any lawful purpose, and the problem for the courts is to ascertain, in accordance with established rules of interpretation, the real contract or agreement. If they make their promises dependent or independent throughout, or dependent in part and independent in part, it is not for the courts to thwart them. Their expressed intention and meaning, ascertained from the whole instrument, rather than from technical or conventional expressions, are the guides in determining the character and force of their respective covenants. In the contract under consideration the intention of the parties is not obscure. They contemplated that the letters patent prohibited to all persons except (Licensor), in the absence of his authorization, the manufacture and sale * * * of * * * the patented invention * * * and that the contract secured to the (Licensee) the exclusive right, as against the whole world, to manufacture and sell, within the prescribed territory", the invention of the patent. "This exclusive right the (Licensee) sought and (Licensor) sold to it. The continued exclusiveness of the right throughout the period * * * was the root of the transaction. * * * It was essential to the purpose of the contract that the protection to and the exclusiveness of the right sold the (Licensee) should be coexistent or concurrent with its ownership of it, and they were so created. The promises of (Licensor) were to be kept and performed concurrently with those of the (Licensee). They were to be performed at all times during the licensed period. The promises of the (Licensee) were dependent or conditional upon those of (Licensor). It is not reasonable to presume that the (Licensee) intended to pay for the exclusive right * * * without having it throughout the period. They intended that if it did not have the right it should not pay

for it. Performance by the (Licensee) was conditioned upon and subject to performance by (Licensor). The reciprocal promises were therefore concurrent and dependent." (We have eliminated from the quotation the reference to the parties and the description of the invention of the patent).

 The failure of the plaintiff to fulfill its obligation was a material breach of the license agreement, and upon its discovery the defendant had a right to terminate the contract and to maintain an action thereon for damages. The defendant could not, however, continue to manufacture and sell the invention and thus reap the substantial benefits of the license agreement and at the same time completely avoid the obligation to pay royalties. The repudiation of the contract upon its breach by the plaintiff was not the only remedy available to the defendant; it had a right to continue, as it did, to manufacture and sell the invention and, thereafter upon performance of the contract, offset its claim for damages against the plaintiff's claim for royalties. These conclusions are supported by the principles of the Rosenthal case as we construe them; see 226 N.Y. at pages 322 to 325, 123 N.E. at pages 769 to 770 inclusive.

The applicable principles are fully discussed in the cited case, but we quote only from 226 N.Y. at page 324, 123 N.E. at page 769. It is there stated: "Where a party to an executory contract, containing mutual obligations, disables himself from performing it during its performance, the other party has the option to treat the contract as ended, so far as further performance is concerned, and maintain an action at once for the damages occasioned by such anticipatory breach, or to wait until there was to be final performance. (Citations omitted.) * * * The other party may, however, decline to deem the contract terminated and may insist that it shall continue in force up to the time fixed for its final performance. A contract thus kept alive exists for the benefit of both parties. *The party who refuses to regard it as terminated by the breach remains*

*liable to all his obligations and liabilities under it.*" (Emphasis by the Court.)

The continued failure or refusal of the plaintiff to enforce the patent against infringements in the Dominion of Canada was tantamount to a renunciation of this obligation, and, as hereinabove stated, was a material breach of the license agreement. Neither the plaintiff nor the defendant, however, repudiated the contract in its entirety. The defendant continued to manufacture and sell the inventions, and the plaintiff continued to demand the royalties throughout the life of the license agreement. It is obvious that neither party was content to regard the contract as terminated. It is for this reason that we believe that the principles of the Rosenthal case are applicable even though the case is distinguishable on its facts. Cf. Kant-Skore Piston Co. v. Sinclair Mfg. Corporation, 6 Cir., 32 F.2d 882, 885, 886; Wilcolator Co. v. Robertshaw Thermostat Co., D.C., 26 F.Supp. 255, 257; Frost Ry. Supply Co. v. T. H. Symington & Son, D.C., 24 F.Supp. 20, 23, 24, 25; Straight Side Basket Corporation v. Webster Basket Co., D.C., 4 F.Supp. 644, 645, 646.

It has been held in other jurisdictions that the failure of the licensor to enforce the patent against infringement precludes the recovery of royalties. The rule has been applied only where, as here, the license agreement contains a provision which requires such enforcement. Massie v. Asbestos Brake Co., 95 N.J.Eq. 298, 96 N.J. Eq. 612, 126 A. 669; Wilfley v. New Standard Concentrator Co., 9 Cir., 164 F. 421. See also Penley Bros. Co. v. Hall, 1 Cir., 84 F.2d 371. These cases appear to be in conflict with the case of Rosenthal Paper Co. v. National Folding Box & Paper Co., supra.

It is argued by the plaintiff that the commencement of the declaratory judgment suit (Paragraph VIII) fulfilled the requirements of Article 17 of the license agreement. The question raised by this argument was discussed by this Court in an earlier opinion, 85 F.Supp. 656. It was therein decided that the argument was without merit.

## Conclusions

### I.

The failure of the plaintiff to enforce the patents against infringements in the Dominion of Canada was a material breach of the license agreement, but the failure of the defendant to terminate the contract was a waiver of the breach and an election to continue performance thereunder.

### II.

The plaintiff is entitled to recover the accrued royalties which became due in the years 1946 to 1949, inclusive, and the defendant will therefore be required to account for such royalties.

### III.

The plaintiff shall prepare and submit to the Court, on notice to the defendant, an appropriate order for judgment.