LAWRENCE et al. v. EDWIN A. DENHAM CO.

(Supreme Court, Appellate Term.  April 10, 1908.)

1. LANDLORD AND TENANT—PARTIAL EVICTION—SUSPENSION OF RENTS—DISPOSSESSION PROCEEDINGS—DEFENSES.

Where a tenant leased a second floor of a loft building without condition as to ingress and egress, and was therefore entitled to enter and depart therefrom freely at any hour on any day so long as he conformed to the conditions of the lease, but he was on many occasions deprived of entrance by the landlord when his business affairs required the use of the premises, and he persistently insisted on his right to enter the premises, and had protested against the landlord's refusal of the demand, a case of actual partial eviction was made out, which suspended the rent and constituted a defense to summary dispossession proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 695–704, 755–764.]

2. SAME—WAIVER—PAYMENT OF RENT.

Payment of rent by a tenant at the conclusion of summary dispossession proceedings in the trial court in which he was defeated, on the trial judge denying an application for a stay of two days to perfect an appeal, was not voluntary, and did not constitute a waiver of a prior partial eviction.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary dispossession proceedings by Lee G. Lawrence and another, as trustee, against the Edwin A. Denham Company.  Judgment for plaintiffs, and defendant appeals.  Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Gignoux & Reid (Claude Gignoux and William J. Reid, of counsel), for appellant.

William C. Davis, for respondents.

DAYTON, J.  The lease demised the second floor of a loft building, without conditions of any kind as to ingress and egress.  There were no rules for the administration of the building referred to in the lease, nor in the evidence.  It would seem that the tenant had the unrestricted right to enter upon and depart therefrom freely, at any hour on any day, so long as it conformed to the conditions of the lease on its part.  The evidence is uncontradicted that on many occasions during the term the tenant was deprived of entrance to the building by the landlord when the business affairs of the tenant required the use of the premises.  It also appeared that the tenant had persistently insisted upon its right to enter its premises, and had protested against the landlord's refusal

of that demand. A case of an actual partial eviction was made out, which suspends the rent and constitutes a defense to this proceeding.

The payment of the rent at the conclusion of the trial cannot be construed as voluntary, for the reason that the trial judge denied the application of the tenant for a stay of two days to perfect its appeal.

Final order reversed, and new trial granted, with costs to appellant to abide the event. All concur.