DAVIES, TURNER & COMPANY, Respondent, *v.* HARRY SCHATZEN, Appellant.

Supreme Court, Appellate Term, First Department, December 18, 1924.

Landlord and tenant — action for rent — refusal of landlord to give tenant key constitutes eviction and defense — payment of rent after partial eviction not waiver — not necessary for tenant to remove from premises to make defense available — defense raised question of fact — error to direct verdict.

It is a good defense to an action by a landlord to collect rent that he refused to give the tenant a key to the premises since such a refusal constituted an eviction. The fact that the tenant made a payment on the rent after the original partial eviction does not constitute a waiver of the continued eviction, which will deprive the tenant of the right to set up that defense in an action for rent.

for the following month, nor does the failure of the tenant to move from the premises destroy the defense of eviction.

Since the tenant's defense in this action raised a question of fact for the jury it was error for the court to direct a verdict in favor of the landlord.

APPEAL by the defendant from a judgment entered in the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff in the sum of $197.50 upon a directed verdict.

*Stanley Bogart,* for the appellant.

*Wilber, Norman & Kahn* [*Hugart F. Norman* of counsel], for the respondent.

LEVY, J.:

This is an action for rent. The tenant defends on the ground that he was evicted by virtue of the landlord's refusal to give him a key to the premises, that he was seriously impeded in ingress to and egress from the same, and that there had been a surrender and acceptance. The trial court directed a verdict in favor of plaintiff. It is unnecessary to consider the latter of these defenses as the court's direction of a verdict upon the former furnishes sufficient grounds for a reversal. The arbitrary refusal of a landlord to furnish a tenant with a key constitutes an eviction (*American Tract Society v. Jones,* 76 Misc. 236), and suspends the obligation of the payment of rent either in whole or in part because it involves a failure of the consideration for which the rent is paid. It is thus sufficient to defeat such an action. (*Fifth Avenue Building Co. v. Kernochan,* 221 N. Y. 370.)

Furthermore, the payment of rent by the tenant after the original partial eviction is not a waiver of the continued eviction and the defendant could set it up as a defense for rent for the following month. (*Graecen v. Barker,* 130 N. Y. Supp. 141; *Perry-Freeman Co., Inc.,* v. *Murphy,* 164 id. 74.) Nor was it necessary for the tenant to remove from the premises in order to set up the defense of partial eviction. In a similar case (*American Tract Society v. Jones, supra*) this court through GUY, J., said: " It is well settled that, where there is a partial eviction by an arbitrary and willful interference with the tenant's right of ingress and egress, it is not essential, in order to set up the defense of partial eviction, that the tenant should have entirely vacated the premises. It is sufficient if the evidence shows an interference with, or disturbance of, the beneficial enjoyment of the demised premises, intentionally committed by the landlord and injurious in its character. *Lawrence v. Denham Co.,* 58 Misc. Rep. 543; *Wells v. Caro,* 74 id. 87; *Cohen v. Dupont,* 1 Sandf. 260; *Jackson v. Paterno,* 58 Misc. Rep. 201.''

Aside from these considerations, the defense set up by the defendant raised, at least, questions of fact for the jury, and the direction of a verdict was, therefore, error. Accordingly, the judgment must be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.