OPINION OF THE COURT
Richard S. Lane, J.
In these commercial nonpayment summary proceedings, the petition has been amended by consent to include rent through November 30, 1985. Rent through September 1985 has been paid without prejudice.
Petitioner’s prima facie case is not controverted. The defense is actual partial eviction by denial of ingress and egress.
The facts pursuant to written stipulation are as follows:
1. Respondent occupies two rooms on the twelfth floor of 230 West 41st Street for its computer-oriented business;
2. Respondent’s business requires access 24 hours a day, seven days a week;
3. Respondent’s occupancy is pursuant to a written lease which does not limit access in any way except for a house rule requiring passes during other than normal business hours, which rule has never been enforced;
4. Prior to 1985 respondent and all other tenants gained access from the street by keys issued by the former landlord;
5. During the first quarter of 1985 petitioner changed the lock on the street entrance and has refused all requests for new keys;
*232 6. To enter or leave the building during other than normal business hours, one must now await the response of petitioner’s porter to a bell unless the porter happens to be in the lobby;
7. On three occasions respondent rang the bell for over a half hour in vain, and on numerous other occasions respondent has had to wait from 10 to 15 minutes;
8. The building is located in what is commonly recognized as a high crime area.
Actual eviction requires physical expulsion by willful wrongful act of landlord (see, Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82). Actual eviction may be partial in time as well as space (Lawrence v Denham Co., 58 Misc 543 [App Term, 1st Dept], cited with approval in the Barash v Pennsylvania Term. Real Estate Corp. case, supra). Denial of access by refusal of a key is a classic form of actual partial eviction (American Tract Socy. v Jones, 76 Misc 236 [App Term, 1st Dept]).
What distinguishes this case from long and well-established law is that the denial of access here is not absolute but only temporary until response of petitioner’s employee. The three occasions this year on which respondent was unable to gain access at all may be deemed accidental lapses. A more accurate description would be interference with access rather than denial thereof.
No case cited by counsel nor found by the court has directly faced the issue presented here. I find that there is no actual partial eviction. I am not holding that interference with access could never under any circumstances amount to actual partial eviction. I am merely holding that the circumstances here do not warrant the drastic sanctions of actual partial eviction— total abatement of rent. There are other more appropriate remedies.
Respondent certainly has a grievance. I urge petitioner to consider the employment of a security guard during other than normal business hours rather than relying on a porter who has substantial additional duties to perform. If the size of the building renders this suggestion economically infeasible, an alternative would be the installation of a lock cylinder, the key to which cannot be duplicated or at least not without great difficulty and expense. Then a key could be given respondent without compromising the security of the building. If petitioner does not so respond, I suggest to respondent an action *233 for declaratory judgment, injunctive relief, and damages (see, Surrey v H. & F. Sellmann, 6 Misc 2d 614).
Petitioner may have final judgment for possession and $4,601.34 in L&T 50196/85 and final judgment for possession and $6,982.84 in L&T 50197/85, representing base rent for two months in each instance. Items of additional rent are undoubtedly also due, but I am unable to establish the amounts thereof on the papers submitted. Issuance of warrant stayed for five days.