■ CULVER & THEISEN, INC., Appellant, v STARR REALTY COMPANY (NE), LLC, Respondent. [793 NYS2d 511]—

In an action, inter alia, to rescind a lease, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Dye, J.), dated December 15, 2003, which granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's 10th cause of action to recover damages for wrongful eviction, and (2), as limited by its brief, from so much of a judgment of the same court entered January 27, 2004, as, upon the order, dismissed the 10th cause of action. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant demonstrated its prima facie entitlement to judgment as a matter of law with respect to the plaintiff's 10th cause of action to recover damages for wrongful eviction by submitting the deposition testimony of one of its principals that the plaintiff was never permanently excluded from the subject property (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra; 41st RKC Tribune Assoc. v Small Computer Co.*, 130 Misc 2d 231, 232 [1985]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the 10th cause of action to recover damages for wrongful eviction. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.